[No. 4723.]

# IN THE MATTER OF THE ESTATE OF JOHN GALVIN.

STATUTE OF LIMITATIONS.—If money is loaned to be repaid on demand, and no note or obligation is given in writing to repay it, the Statute of Limitations commences running from the time of the loan.

REVIVAL OF DEBT BARRED BY STATUTE.—When the Statute of Limitations has run, the debt cannot be revived, except by a promise in writing signed by the debtor.

APPEAL from the Probate Court of the City and County of San Francisco.

John Galvin died in December, 1873. Letters were issued to his wife, and on the 10th day of October, 1874, James Simpson, Jr., presented to her a claim against the

estate for money lent in October, 1863. The following was Simpson's affidavit accompanying the claim:

"James Simpson, Jr., of lawful age, being duly sworn, deposes and says on oath: That he is a creditor of said deceased; that in or about the month of October, 1863, he loaned to and deposited with said deceased the sum of one thousand dollars in United States gold coin, which he, said deceased, was to hold and keep for affiant until such subsequent time as he, affiant, should demand the return of the same from said deceased, and agreed to pay affiant reasonable interest thereon for the use of the said money; that affiant did not demand the return of said money from said deceased until within about two months previous to the death of said deceased; that said John Galvin died on the 12th day of December, 1873; that no rate of interest on said loan was agreed upon between affiant and said deceased; that said deceased has not paid said money or any part thereof; that said deceased at the time of the demand aforesaid promised to pay to this affiant said loan, with legal interest thereon at the rate of ten per cent. per annum from October, 1863, till paid; that neither said interest nor any part thereof has been paid, and said principal sum and interest are wholly unpaid."

The administratrix and probate judge allowed the claim. When the former presented her account, one of the creditors objected to the item allowed to Simpson. The probate judge then made the following order:

"From an inspection of the claim and affidavit annexed thereto, I am now clearly of the opinion that the money therein referred to was not deposited with Galvin in trust for Simpson, but was a loan upon interest, and that the same was barred by the Statute of Limitations before the death of Galvin; and that the claim was improperly allowed and approved. The exceptions are sustained."

The item was stricken out of the account, and Simpson appealed.

*Lloyd & Newlands,* for the Appellant.

*Tully R. Wise,* for the Respondent.

By the COURT:

Under section three hundred and sixty of the Code of Civil Procedure, a new promise, to take a case out of the bar of the Statute of Limitations, must be in writing; and section one thousand four hundred and ninety-seven of the same Code prescribes the method in which claims against the estate of a deceased person must be presented for allowance. One of the requirements is that "if the claim is founded on a bond, bill, note, or *any other instrument*, a copy of such instrument must accompany the claim." In this case, Simpson, the creditor, in his own sworn statement in support of the claim, alleged that in the year 1863 he deposited with and loaned to the deceased a sum of money, to be repaid with interest on demand, and that no demand was made until about two months before Galvin's death, which occurred in December, 1873; and he avers that, on such demand, Galvin promised to pay the debt, with interest from October, 1863. But it is not alleged that the new promise was in writing, nor did he at the trial produce any written instrument containing such promise.

The money having been payable on demand, the Statute of Limitations commenced to run from the time of the loan (Angell on Limitations, Sec. 95, and authorities there cited); and the debt, having been barred long before Galvin's death, could only have been revived by a promise in writing to pay it, and no such promise was averred or proved.

Judgment and order affirmed. Remittitur forthwith.