66   189
90   249
66   189
124   511

[No. 8,274. Department One.—December 8, 1884.]

T. A. C. DORLAND, RESPONDENT, v. ALICE DORLAND, ADMINISTRATRIX, ETC., APPELLANT.

LOAN—TIME OF PAYMENT—PRESUMPTION—STATUTE OF LIMITATIONS.—Where no time is specified within which a loan of money is to be repaid, the presumption of law is that it is to be repaid on demand, and the statute of limitations begins to run from the time of the loan.

ESTATE OF DECEDENT—CLAIM BARRED BY STATUTE OF LIMITATIONS.—Under section 1499 of the Code of Civil Procedure, an administrator is prohibited from allowing a claim against the estate which is barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

J. C. Bates, and J. M. Wood, for Appellant.

M. Lynch, for Respondent.

Ross, J.—The real contest between the parties to this action relates to the cause of action stated in the first count of the complaint, as amended, wherein it is averred that on the 28th of April, 1877, the defendant's intestate—Henry S. Dorland—became indebted to the plaintiff's assignor—James F. Dorland—in the sum of $2,500 gold coin, "for money lent by said James F. Dorland to said Henry S. Dorland, and for money paid, laid out, and expended by James F. Dorland to and for the use of said Henry S. Dorland and at his request, which sum he then and there promised and agreed to repay to said James F. Dorland in six months thereafter, with interest," at a certain rate. The court below, in effect, found the facts to be as alleged; and this finding the appellant contends, and we think, is unsupported by the evidence.

The action grew out of the refusal of the administratrix of the estate of Henry S. Dorland, who died April 14, 1878, to allow a claim presented by James F. Dorland against the said estate for the amount here in question, together with some other amounts concerning which no question is made. There was testimony given on behalf of plaintiff, to the effect that in the

early part of 1872, James F. Dorland borrowed of the German Savings and Loan Society for the benefit of his brother, the deceased Henry S. Dorland, the sum of $5,000, for the repayment of which he executed to the bank his promissory note for that amount, secured by a mortgage upon certain real estate; that Henry S. received the money as a loan from James F. Dorland, and paid the interest on the note and mortgage to the bank, and on the 24th of February, 1873, paid to the bank $3,500 of the principal of said note and mortgage. On the 28th of April, 1877, the statute of limitations had nearly run against the note and mortgage executed by James F. Dorland in 1872, and there was then due and unpaid thereon the sum of $1,500. The bank had also, upon a written order of James F. Dorland, paid $1,000 in discharge of a street assessment against the mortgaged property due from James F. Dorland. For the balance due upon the note and mortgage of 1872, and for the amount paid by the bank in discharge of the street assessment, aggregating $2,500, James F. Dorland, on the 28th of April, 1867, executed to the bank a new note and mortgage. One thousand dollars of this amount was for the money the bank paid on the written order of James F. Dorland, in satisfaction of a debt due from him. With respect to the remaining fifteen hundred dollars of the amount, the note and mortgage of April 28th, 1877, was but a renewal to that extent of the note and mortgage of 1872. It was in 1872 that James F. Dorland let Henry S. Dorland have the money. No time being specified within which it was to be repaid, the presumption of law is that it was to be repaid on demand ; and that being so, the statute of limitations commenced to run from the time of the loan. (Angell on Limitations, § 94, and authorities there cited.) To take the case out of the operation of that statute, there must have been some acknowledgment or promise, evidenced by writing, signed by Henry S. Dorland. (Code of Civil Proc., § 360 ; Estate of Galvin, 51 Cal. 215.) None such was shown. The statute of limitations had run against the loan to Henry S. Dorland, and the administratrix of his estate was, by section 1499 of the Code of Civil Procedure, prohibited from allowing a claim against the estate based upon it.

The appeal from the judgment having been taken too late, must be dismissed.

Appeal from judgment dismissed. Appeal from order refusing a new trial reversed, and cause remanded for a new trial.

McKee, J., and McKinstry, J., concurred.