[S. F. No. 1022.   Department One.—May 26, 1899.]

## GEORGE A. NEWHALL, Appellant, v. SHERMAN, CLAY & CO., Respondent.

FORECLOSURE OF MORTGAGE—DEED AND DEFEASANCE—ABSENCE OF NOTE —STATUTE OF LIMITATIONS.—The statute of limitations of four years prescribed by section 337 of the Code of Civil Procedure, in reference to written instruments, is applicable to the foreclosure of a mortgage by deed and defeasance securing the repayment of money loaned, in the absence of a note, and for the purposes of the foreclosure is also applicable to the debt secured by the same written instruments.

ID.—MATURITY OF DEBT—TIME NOT FIXED—PRESUMPTION.—No time being fixed in the written defeasance for the repayment of the money loaned, it must be presumed to be payable on demand, and to be due immediately, and not at any future time, certain or uncertain, for the purposes of the statute of limitations.

ID.—SIMULTANEOUS LIMITATION OF DEBT AND MORTGAGE.—When the debt secured by the mortgage is barred, the mortgage is also barred.

APPEAL from a judgment of the Superior Court of Alameda County.   S. P. Hall, Judge.

The facts are stated in the opinion.

E. W. McGraw, for Appellant.

The action was not barred, as the mortgagee could not demand his money until after the lapse of a reasonable time. (*Hall v. Felton*, 105 Mass. 506; *Jones v. Eisler*, 3 Kan. 132; *Lewis v. Tipton*, 10 Ohio St. 88; *Thomas v. Croft*, 2 Rich. 113; *Farrel v. Bean*, 10 Md. 333; *Fisher v. Chadwick* (Wyo.), 34 Pac. Rep.

879.)   The action is not barred in two years.   It is upon a writ-
ten contract.   (*Union Water Co. v. Murphy's Flat Fluming Co.,*
22 Cal. 621-27; *Cunningham v. Hawkins,* 24 Cal. 404-08; *Wood*
*v. Goodfellow,* 43 Cal. 185-90.)

F. A. Berlin, for Respondent.

The debt was barred in two years, and if the debt is barred
the mortgage is barred.   (Wood on Limitation of Actions, sec.
222, p. 545; Buswell on Limitations, sec. 140; *Lord v. Morris,*
18 Cal. 482; *Harris v. Mills,* 28 Ill. 44; *Prewitt v. Wortham,* 79
Ky. 287; *Marryatt v. Marryatt,* 28 Beav. 224.)   Limitation be-
gan to run from the date of the loan, no other time being
specified.   (*Dorland v. Dorland,* 66 Cal. 189; *Estate of Galvin,*
51 Cal. 215; *Espinosa v. Gregory,* 40 Cal. 58; *Holmes v. West,*
17 Cal. 623; Civ. Code, sec. 1657.)

GRAY, C.—The appellant brought suit against A. T. Hatch
and others on the third day of February, 1897, to foreclose a
deed intended as a mortgage, and joined the respondent as a
defendant, because, as stated in the complaint, "The said
Sherman, Clay & Co. claim some interest or lien upon the
lands and premises hereinbefore described; but that said claim
is subsequent to and subordinate to the mortgage aforesaid."
Respondent demurred on the grounds, among others, that the
complaint failed to state a cause of action, and that the cause
of action therein stated was barred by the provisions of section
337 of the Code of Civil Procedure.   This demurrer was sus-
tained, plaintiff declined to amend and appealed from the judg-
ment against him.   The defeasance which was executed with the
deed is set out in the complaint, and after reciting the deed and
the property conveyed thereby, said defeasance reads as follows:

"And, whereas, said deed is absolute in form, yet in fact is
intended as security for the payment of the sum of four thou-
sand dollars loaned by said Newhall to said A. T. Hatch.

"Now, this defeasance witnesseth, that the said George A.
Newhall, for himself and for his heirs, executors, administra-
tors and assigns, hereby binds himself and agrees to reconvey
the hereinabove mentioned and described property unto the said
A. T. Hatch, his heirs, executors, administrators or assigns, at

any time, upon the payment to him of said sum of four thousand dollars and his demand for a deed to said property.

"In witness whereof, the said George A. Newhall has hereunto set his hand and seal, this fourth day of November, A. D. 1892.                    (Signed)   GEO. A. NEWHALL."

The complaint shows that the suit was begun more than four years after the execution of the deed and defeasance upon which the suit is based. There appears to be no promise in writing subscribed by the defendant as to the payment of the amount loaned, and, though his obligation to pay may be founded in parol, yet the suit for foreclosure is deemed to be founded upon the written instruments consisting of the deed and defeasance which constitute the mortgage, and the statute of limitations will not bar such suit until four years after the execution of these instruments. And for the purposes of the foreclosure suit the debt itself ' not barred until the end of four years, because its payment is secured by the same written instruments. (*Wood v. Goodfellow,* 43 Cal. 185; *Union W. Co. v. Murphy's etc. Co.,* 22 Cal. 621.) Respondent therefore relies upon the proper statute of limitations when he pleads section 337 of the Code of Civil Procedure, in his demurrer.

Whether plaintiff's cause of action is barred depends upon when the money loaned, for which the mortgage was given as security, was due and collectible. It not appearing from any of the written instruments upon which the suit is based, nor from any allegation of the complaint, that any time was given or fixed for the payment of the loan, "the presumption would, therefore, necessarily arise that it was due immediately or upon demand, and therefore was barred at the time this action was commenced." (*Espinosa v. Gregory,* 40 Cal. 58; *Holmes v. West,* 17 Cal. 623; Civil Code, sec. 1657; *Matter of Gavin,* 51 Cal. 215; *Dorland v. Dorland,* 66 Cal. 189.) If the complaint does not show that the claim sought to be enforced was due and that suit could have been maintained for its collection at the time of the execution of the mortgage herein, then it certainly fails to show that it became due at any subsequent time and is amendable to the first ground of demurrer stated. (*Doyle v. Phoenix Ins. Co.,* 44 Cal. 264.) We must, therefore, treat the complaint as showing that the money loaned was due

immediately upon such loan, and it would then appear that the claim for such money was barred, by the statute pleaded, about three months before the commencement of this action. The debt secured by the mortgage being barred, it necessarily follows that the mortgage is also barred. (*Booth v. Hoskins,* 75 Cal. 271; *Lord v. Morris,* 18 Cal. 482; *McCarthy v. White,* 21 Cal. 496; 82 Am. Dec. 754; *Heinlin v. Castro,* 22 Cal. 100; *Wormouth v. Hatch,* 33 Cal. 121; *Wells v. Harter,* 56 Cal. 342; Civil Code, sec. 2911.)

The appellant is mistaken in his assumption that the defeasance fixes a future time, either certain or uncertain, for the payment of the indebtedness secured by the mortgage, and the authorities cited in his brief are, therefore, either irrelevant to the case made by the pleadings or are in conflict with the decisions of this court cited in this opinion.

For the foregoing reasons I advise that the judgment be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.