## NEWHALL v. HATCH et al.*

### S. F. No. 2407; March 11, 1901.

#### 64 Pac. 250.

Mortgages—Foreclosure—Limitation—Estoppel.—A foreclosure suit was based on the liability specified in the mortgage, and not on a new promise to pay the debt, made before it became barred by the limitation, and before a judgment lien on the premises was created. A demurrer by the judgment creditor was sustained on the ground that the debt was barred, and, plaintiff declining to amend, judgment dismissing the action was entered, after which the creditor, relying on the allegations of the complaint, purchased the property on execution sale under the judgment, without notice of any renewal. Held, in a subsequent suit to foreclose the mortgage, in which plaintiff relied on a new promise, that he was estopped from maintaining the action.

*For subsequent opinion in bank, see 134 Cal. 269, 55 L. R. A. 673, 66 Pac. 266.

APPEAL from Superior Court, Alameda County; S. P. Hall, Judge.

Action by George A. Newhall against A. T. Hatch and others. From a judgment for plaintiff and an order denying a new trial defendant Sherman, Clay & Co. appeals. Reversed.

F. A. Berlin for appellant; E. W. McGraw and Craig & Craig for respondent.

HAYNES, C.—The facts can best be stated historically, with such reference to the pleadings as may be necessary. On November 3, 1892, defendant Hatch and wife mortgaged to the plaintiff certain real estate situated in Alameda county. The instruments constituting the mortgage consisted of a deed in form absolute, executed by Hatch and wife, and a defeasance executed by Newhall, the body of which, after reciting the deed, was as follows: "And whereas, said deed is absolute in form, yet in fact is intended as security for the payment of the sum of $4,000 loaned by said Newhall to said A. T. Hatch: Now this defeasance witnesseth that the said George A. Newhall, for himself, his heirs, executors, administrators, and assigns, hereby binds himself and agrees to reconvey the hereinabove mentioned and described property unto the said A. T. Hatch, his heirs, executors, administrators, or assigns, at any time upon the payment to him of said sum of $4,000.00 and his demand for a deed to said property." On April 21, 1896, Sherman, Clay & Co., the appellant herein, obtained a judgment against said A. T. Hatch in the superior court of Alameda county for the sum of $47,792.25, which was then docketed, and became a lien on said mortgaged premises. On February 3, 1897, Newhall commenced an action to foreclose his said mortgage lien, and made Hatch and wife, Dalton, the assignee of Hatch in insolvency, and Sherman, Clay & Co. defendants, alleging as to the latter that it had, or claimed to have, some lien thereon, but which was subsequent and subject to said lien of the plaintiff. In said first action the complaint set out the defeasance hereinbefore quoted, and alleged: "That no part of said sum of $4,000 has been paid, nor has any interest thereon been paid, but the whole thereof, with interest from Novem-

ber 3, 1892, is now due and owing by said Hatch to the plaintiff herein." Sherman, Clay & Co. demurred to said complaint, and, among other grounds, specified that the cause of action was barred by the provisions of section 337 of the Code of Civil Procedure. Said demurrer was sustained, and, the plaintiff declining to amend, judgment that his action be dismissed as to Sherman, Clay & Co. was entered on April 27, 1897, and from that judgment Newhall appealed, and this court affirmed the judgment: Newhall v. Sherman, 124 Cal. 509, 57 Pac. 387. After said judgment was entered against Newhall in the superior court, Sherman, Clay & Co. took out execution upon its judgment against Hatch, and on July 22, 1897, the sheriff sold said premises to said Sherman, Clay & Co., and, no redemption having been made, it received the deed of the sheriff therefor on July 28, 1898, and recorded it August 5, 1898. Thereafter, on June 27, 1899, said Newhall commenced the present action to foreclose his said mortgage upon the same premises, and again made the corporation known as Sherman, Clay & Co. a party defendant. The making of the deed and defeasance was alleged as before, but it was also alleged as follows: "That thereafter, on September 20, 1895, and long prior to the accruing of the claim of Sherman, Clay & Co., hereinafter mentioned, the said defendant A. T. Hatch made and subscribed in writing a new promise to pay the indebtedness secured by said mortgage, which new promise is in the words and figures following, to wit:

" 'San Francisco, September 20, 1895.

" '$50,000.

" 'One day after date, without grace, I promise to pay to the order of George A. Newhall, fifty thousand dollars, for value received, with interest at 7 per cent per annum from date until paid; both principal and interest payable only in United States gold coin.

" 'A. T. HATCH.'

"And plaintiff alleges that the $4,000 secured by the mortgage aforesaid was a portion of the $50,000 agreed to be paid by said Hatch by the promissory note aforesaid; that no part of said sum of $4,000 has been paid, nor has any interest thereon been paid, but the whole thereof, with interest from September 20, 1895, is now due and owing by said Hatch to the plaintiff herein."

The complaint further alleged that Sherman, Clay & Co. claimed some interest or lien upon the premises arising out of a judgment obtained and docketed against Hatch in the superior court of Alameda county on April 21, 1896, for the sum of $47,792.25, but that the same was subsequent and subordinate to said mortgage. Sherman, Clay & Co. demurred to said complaint for want of facts, also that the alleged cause of action is barred by certain specified provisions of the Code of Civil Procedure, and also demurred severally on the grounds of ambiguity, uncertainty and that the complaint is unintelligible, and, these demurrers having been overruled, answered, and put in issue all the material allegations of the complaint, and alleged the recovery of said judgment against Hatch, the sale of the premises described in the complaint on July 22, 1897, upon execution issued upon said judgment, that it became the purchaser and received a certificate of purchase, that the property sold was not redeemed, and on July 28, 1898, the sheriff executed and delivered a deed to said corporation therefor. Said defendant corporation also pleaded the former judgment of the superior court, and its affirmance in this court. A trial was had upon said issues, and the court found the facts as hereinbefore recited, and further found that the only question considered or decided in said first action was that plaintiff's cause of action appeared to be barred by section 337 of the Code of Civil Procedure, and that that was the only question considered by the supreme court; that at the commencement of this action Sherman, Clay & Co. was the owner of the property described in the complaint, subject to plaintiff's said mortgage, and that said former judgment is not a bar to this action; "that in this action an issue is presented as to a new promise made by Hatch before the mortgage aforesaid became barred to pay the debt thereby secured, which issue was not presented in said former action, and was not therein adjudicated." To these findings was added a conclusion of law that plaintiff have judgment of foreclosure, and from said judgment, and from an order denying its motion for a new trial, said defendant Sherman, Clay & Co. appeals.

Respondent contends that "the $50,000 note given by Hatch to plaintiff in 1895 kept the mortgage alive." As between Hatch and Newhall, the mortgagor and mortgagee, that proposition is conceded. It was decided in Southern Pac. Co. v.

Prosser, 122 Cal. 413, 55 Pac. 145, cited by respondent, that
a promise to pay the debt, made before it became barred by
the statute of limitations, interrupted the running of the
statute as to the debt, and kept alive the mortgage security.
But this conclusion was carefully restricted by the qualifying
words, "as between the parties." That case, therefore, does
not decide the question here presented. In Wood v. Good-
fellow, 43 Cal. 185, where it was claimed that the absence
of the mortgagor from the state suspended the running of
the statute of limitations, this court said: "So long as he [the
mortgagor] retained the equity of redemption, and no other
rights had intervened by reason of subsequent liens or en-
cumbrances, he had the power by written stipulation under
the statute to extend the time within which the debt should
not be barred, or he might suspend the running of the stat-
ute by his absence from the state. So long as his rights only.
were to be affected, it was within his power to suspend the
operation of the statute either by a written stipulation or by
absenting himself from the state. But this court has repeat-
edly decided that, as against subsequent encumbrancers, or
a subsequent holder of the equity of redemption, the mort-
gagor has no power, by stipulation, to prolong the time of
payment, or in any manner increase the burdens on the mort-
gaged premises": See, also, the cases there cited. So, in
California Bank v. Brooks, 126 Cal. 198, 200, 59 Pac. 302,
303, it was said: "The first mortgagee could not renew the
note, and thereby extend the statute of limitations so as to
affect the second mortgagee. He may take advantage of the
statute of limitations, although the debtor does not; citing
Lord v. Morris, 18 Cal. 482; McCarthy v. White, 21 Cal. 495,
82 Am. Dec. 754; Barber v. Babel, 36 Cal. 11; Sichel v. Car-
rillo, 42 Cal. 493; Wood v. Goodfellow, 43 Cal. 185." See,
also, Watt v. Wright, 66 Cal. 202, 205, 5 Pac. 91. In the
case at bar, however, the new note or new promise was made
on September 20, 1895, while the lien of the judgment of
Sherman, Clay & Co. was not created until April 21, 1896,
and at the time of said renewal the cause of action upon the
liability specified in the defeasance and alleged by Newhall
in his first suit was not barred by the statute. But his first
suit was not commenced until February 3, 1897, and that
suit, as we have seen, was based upon the liability shown by
the deed and defeasance, and not upon the new promise set

        42               ᴏ

up in the present action. At the time the first action was brought, Sherman, Clay & Co. had only a judgment lien upon the premises described in Newhall's mortgage, and by the judgment in that action it was declared that as against said lien the plaintiff's mortgage had ceased to exist. After the rights of the parties had thus been adjudicated, and long before the present action was brought, and without notice of said renewal, Sherman, Clay & Co. bought said premises at execution sale under its judgment against Hatch, and, no redemption having been made, received the sheriff's deed therefor on July 28, 1898, nearly a year before the present action was brought. No stronger assurance could have been given by Newhall to Sherman, Clay & Co. that neither the mortgage executed November 3, 1892, to secure the $4,000 money loaned, nor the time of payment thereof, had been in any manner changed, renewed or prolonged, than was given by his verified complaint in the first action, and his refusal to amend after the finding and judgment of the court that the mortgage he held was barred by the statute of limitations as against the judgment lien of Sherman, Clay & Co., set up in its answer. The new promise upon which Newhall now relies was known to him at the time his first action was brought; and if, by error of judgment, he relied, on his first action, upon the original promise, he should at least have informed Sherman, Clay & Co. of the fact of the renewal, and not have stood by with closed mouth, and permitted that corporation to purchase the property in reliance upon the representation, solemnly given in a judicial proceeding, of facts which on their face conclusively showed that his mortgage lien had expired, and that Sherman, Clay & Co. might safely purchase.

It is not necessary to discuss or decide the question whether the judgment rendered upon demurrer to the complaint in the former action, upon the ground that the mortgage lien was barred by the statute of limitations as against Sherman, Clay & Co., may be pleaded by that corporation as a technical bar to a new action to determine the priority of lien, the new action having alleged a new promise by the mortgagor, made before the first action was brought; since, if it is not a technical bar, the facts show an estoppel in pais, if not an estoppel by record. As already stated, at the time the first action was brought and determined by the judgment in the superior court, Sherman, Clay & Co. had only a judgment lien upon

the premises described in Newhall's mortgage; but, relying upon the allegations of plaintiff in his first complaint, which, in effect, negatived any renewal of the mortgage lien prior to the commencement of that action, Sherman, Clay & Co. purchased the premises discharged of any lien which may then have existed in favor of Newhall as against the mortgagor. The plaintiff knew of the renewal; the defendant Sherman, Clay & Co. did not, and had no means of knowing it. Even if said defendant had known of the execution of the $50,000 note made in 1895, that instrument would not have given any information that it included the $4,000 secured by said mortgage, or that it was a renewal of that or any other debt owing by Hatch to the plaintiff. Nor are there any controlling equities in favor of the plaintiff. The $4,000 secured by the mortgage in question was not loaned on the security of that mortgage. As shown by the testimony of the plaintiff, it was part of and included in a note for $50,000 made by Hatch to the plaintiff a year or more before the mortgage was given, and this mortgage was additional or collateral security for the amount thereof. The property was sold to appellant upon its bid of $3,000, and respondent suggests that, for anything the record shows, it may be worth a million; but the presumption from the record is that it brought its full market value.

There is no conflict in the evidence. The findings of fact are full, but there are mixed with them certain conclusions of law, as we have seen—as that appellant is the owner of the lands described in the complaint, "but subject to the plaintiff's mortgage." Eliminating these legal conclusions, the findings do not support the judgment, but require a judgment for the defendant Sherman, Clay & Co. I advise that the judgment and order be reversed, with directions to the court below to correct his conclusion of law, and enter judgment upon the findings for the appellant.

We concur: Gray, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed, with directions to the court below to correct his conclusion of law and enter judgment upon the findings for the appellant.