110

COUNTY OF SUMMIT, EX REL. MOHLER, PROS. ATTY.,
APPELLANT, *v.* YACOBUCCI, CLERK OF COURTS OF SUMMIT
COUNTY, APPELLEE, ET AL.

(No. 74-26—Decided February 12, 1975.)

*Mr. Stephan M. Gabalac,* prosecuting attorney, *Mr. William E. Schultz* and *Mr. John F. Lenehan,* for appellant. *Messrs. Hershey, Browne, Wilson, Steel, Cook & Wolfe, Mr. David R. Wilson* and *Mr. Terrence J. Steel,* for appellee.

CORRIGAN, J.

*I.*

Appellant, in his first proposition of law, contends that it is not error for the court to refuse to answer written interrogatories posed by one of the parties when questions of fact are tried by the court without a jury pursuant to Civ. R. 52. We agree.

Civ. R. 52 provides that "[w]hen questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise * * *" before judgment entry or within seven days after the announcement of the court's decision, whichever is later. This rule was not invoked by appellee.

When questions of fact are tried by the court without a jury, the submission of written interrogatories does not satisfy the provisions of Civ. R. 52 and will not be deemed a request for the court to state its findings of fact separately from its conclusions of law.

Civ. R. 49 provides for the court's submission of written interrogatories *to the jury* at the request of any party prior to the commencement of argument, but does not authorize the submission of interrogatories to the court sitting as the trier of facts.

Prior to the adoption of the Civil Rules, requests for special findings of fact and conclusions of law were governed by statute. In *Cleveland Produce Co.* v. *Dennert* (1922), 104 Ohio St. 149, this court construed former G. C. 11470, analogous to Civ. R. 52. That section provided:

"When questions of fact are tried by the court, its finding may be general for the plaintiff or defendant, unless, with a view of excepting to the court's decision upon questions of law involved in the trial, one of the parties so requests, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

The court, in *Dennert*, determined that, when a party requests a separate written statement of the conclusions of

fact, and, as an aid to the court, submits special written interrogatories for that purpose, it is the duty of the court as part of its judgment to make answer to all interrogatories involving the ultimate facts of the controversy and all probative facts from which the ultimate facts can be inferred. The court held that the provisions of G. C. 11470 conferred a substantial right and were mandatory, but noted that the interrogatories were submitted to the court subsequent to a proper request for special findings pursuant to the statute.

In *Cox* v. *Cox* (1929), 34 Ohio App. 192, the Court of Appeals for Butler County very properly held that the propounding of interrogatories to a court sitting without a jury was not synonymous with a request to make separate findings of fact and conclusions of law pursuant to G. C. 11470, and, in the absence of such a request, the court did not err in refusing to answer the interrogatories.

In the present case, the appellee made no request for separate findings of fact other than the submission of written interrogatories. In the absence of such a request, the interrogatories were insufficient to invoke the right provided by Civ. R. 52. Appellee failed to comply with the provisions of Civ. R. 52 within the time period provided by the rule, and the trial court properly refused to answer appellee's interrogatories.

## II.

Appellant's second proposition of law relates to the judgment of the Court of Appeals that "* * * in fairness to all concerned, there should be a completion of the audit up to the time Frank P. Yacobucci left his employment as Clerk of Courts of Summit County."

The Court of Appeals based this judgment upon the fact that the audit beginning in 1966 was arbitrarily terminated as of June 1970. The court stated that the appellant admitted that it did not make an audit of the clerk's office at least once every two years, as required by R. C. 117.09, and, therefore, did not comply with the law.

The Court of Appeals felt that, if the audit were con-

tinued up to the time the appellee left office in 1972, more credits in the accounts of the clerk would be discovered, reducing his liability.

That judgment, we feel, is based upon conjecture and is unsupported by law or any evidence in the record.

Mr. Russell Rouch, a state examiner with the Bureau of Inspection and Supervision of Public Offices, testified that the clerk's office is currently undergoing an examination and audit for the period of June 1, 1970, through December 31, 1972, the date upon which appellee left office. The record also indicates that the clerk's office was the subject of a continuing examination for the period beginning March 1, 1966, and continuing through May 31, 1970. R. C. 117.09* requires only that an examination be made at least once every two years. The record does not indicate any failure to examine the clerk's office for more than a two-year period.

R. C. 117.10 requires the institution of civil actions based upon a certified copy of the report of examination by the Bureau of Inspection and Supervision of Public Offices, where such report indicates an illegal expenditure of public funds, unaccounted for or uncollected public money which is due, or any public property converted or misappropriated. R. C. 117.11 provides further, in part, that a certified copy of any portion of such report is prima-facie evidence of the truth of the allegations of the petition.

A consideration of those statutes convinces this court

---

*R. C. 117.09 reads:

"The Bureau of Inspection and Supervision of Public Offices shall examine each public office, department, or agency at least once every two years, except that the offices of judges of county courts shall be examined at such times as the bureau determines. On examination, inquiry shall be made into the methods, accuracy, and legality of the accounts, records, files, and reports of the office, whether the laws, ordinances, and orders pertaining to the office have been observed, and whether the requirements of the bureau have been complied with. Each examination shall cover the period beginning with the termination date of the period covered in the most recent audit."

of the intention of the General Assembly to base the civil actions provided in R. C. 117.10 on the report of examination and to limit the allegations and the period for which an officer may be found liable to that covered by the examination and the audit. There is no statutory provision requiring the continuation of an examination or audit beyond its termination date.

For the foregoing reasons, we reverse the judgment of the Court of Appeals and reinstate the judgment of the Court of Common Pleas.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.