MINES ET AL., APPELLANTS, *v.*
PHILLIPS, APPELLEE.

(No. 3820—Decided December 28, 1987.)

*Randil J. Rudloff,* for appellants.
*Charles L. Richards,* for appellee.

THOMAS, J. The plaintiffs-appellants Henry C. Mines et al. filed a complaint in the Court of Common Pleas of Trumbull County against the defendant-appellee Clifford L. Phillips seeking to recover compensatory damages for what they alleged constituted a breach of contract. The complaint was filed on April 25, 1986. The plaintiffs alleged that defendant was retained as an attorney to assist them in the administration of the estate of Henry C. Mines, Sr., who had died on May 11, 1977. They further alleged that the federal estate tax return was required by law to be filed no later than February 11, 1978 and that defendant who had expressly undertaken the duty and obligation to prepare and file the same negligently failed to do so and as a direct result thereof penalties and interest were assessed by the Internal Revenue Service in the sum of $5,265.92.

Plaintiffs further alleged that in "May, 1978, and on numerous occasions subsequent thereto, up to and including September, 1980, Defendant orally promised to repay and reimburse the Plaintiffs * * * if Plaintiffs would refrain from pursuing legal action in the courts for legal malpractice and disciplinary action before the Ohio Supreme Court." Plaintiffs lastly averred that defendant failed and refused to reimburse them as he had orally contracted to do.

Defendant filed his answer to the complaint and alleged *inter alia* the affirmative defenses of the failure to state a claim and the statute of limitations. A motion to dismiss on the latter ground was filed by the defendant. The trial court found the plaintiffs' action was "based upon an oral contract and not upon malpractice and the six-year statute of limitations applies." The court found the contract was made in May 1978 and that the consideration therefor was the agreement of the plaintiffs not to file a legal malpractice action. The court further found that this was sufficient consideration until May 1979 when the statute of limitations (one year) would have barred the malpractice action. The court reasoned the plaintiffs' claims on the oral contract accrued no later than May 1979 and the six-year statute of limitations (R.C. 2305.07) barred the action. The motion to dismiss was sustained and the plaintiffs feeling aggrieved by the action of the trial court filed their notice of appeal in this court.

At the threshold this court disclaims any intention to consider the issue of the disciplinary action which plaintiffs agreed to refrain from filing as alleged in the complaint. Disciplinary proceedings are not barred by or subject to general statutes of limitations. *Columbus Bar Assn.* v. *Teaford* (1966), 6 Ohio St. 2d 253, 255, 35 O.O. 2d 418, 419, 217 N.E. 2d 872, 873.

The sole assignment of error is set forth in the plaintiffs' brief as follows:

"The trial court erred to the prejudice of plaintiffs-appellants in holding that plaintiffs' complaint was barred by the six-year statute of limitations of Revised Code § 2305.07, said statute of limitations having commenced to run May 1979, when the statute of limitations for legal malpractice would have expired."

From the allegations in the complaint the defendant's initial promise to reimburse the plaintiffs was made in May 1978 and he continued to do so through September 1980. Defendant argues that following the terminal date of the one-year statute of limitations for malpractice which would have occured in May 1979 there could have been no sufficient legal consideration for his promise because the promise of plaintiffs to refrain from filing a malpractice action was a nullity.

The primary issue for determination by this court may be stated as follows: When does the six-year statute of limitations begin to run against a claim based upon an oral promise to pay money where there is no definite time for payment stipulated? We hold that the statute began to run from the date the initial promise was made. Most of the cases considering this specific issue have so held particularly when a loan was involved. See *Sturdivant* v. *McCorley* (1907), 83 Ark. 278, 103 S.W. 732; *Dorland* v. *Dorland* (1884), 66 Cal. 189, 5 P. 77; *Teasley* v. *Bradley* (1900), 110 Ga. 497, 35 S.E. 782; *Hodgson* v. *Keppel* (1930), 211 Iowa 795, 232 N.W. 725; *Lagarde* v. *Dabon* (1923), 155 La. 25, 98 So. 744; *Gentry* v. *Gentry* (1955), 59 N.M. 395, 285 P. 2d 503; *Ricker* v. *Ricker* (1954), 201 Ore. 416, 270 P. 2d 150; *Johnson* v. *Wold* (Wyo. 1970), 475 P. 2d 714. There is no valid reason why this rule should not be applied to the facts in the case *sub judice.*

The rule eliminates any controversy as to when the cause of action accrues or the more nebulous "expiration-of-reasonable-time" rule. The promises made by the defendant here following the initial promise to pay made in May 1978 were acknowledgments of his initial promise and no new claim for relief was created as a result thereof. Before a promise to pay made after the original oral promise can be the basis of a valid claim, the new promise must be made after the running of the statute of limitations. Such a promise revives the original claim.

See 66 Ohio Jurisprudence 3d (1986), Limitations and Laches, Section 173, at 353-354.

The court finds based upon the foregoing rule that the terminal date of the statute of limitations was May 31, 1984 and that the plaintiffs' claim was barred on April 25, 1986 the date of the filing of the complaint. The assignment of error is overruled and the judgment of the lower court is affirmed on the basis of this opinion.

*Judgment affirmed.*

WHITESIDE and MALLONE, JJ., concur.

WHITESIDE, J., of the Tenth Appellate District, JOSEPH P. MALLONE, J., retired, of the Ashtabula County Court of Common Pleas, and HAROLD B. THOMAS, J., of the Belmont County Court of Common Pleas, sitting by assignment.