**CUMMINGS, Appellee,**

v.

**GROSZKO, Appellant, et al.**

[Cite as *Cummings v. Groszko* (1992), 76 Ohio App.3d 812.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–909.

Decided Feb. 6, 1992.

*Ray Mularski,* for appellee.

*Michael P. Jackson,* for appellant.

PETREE, Judge.

This is an appeal from the Franklin County Municipal Court which granted judgment to plaintiff Michael R. Cummings in the amount of $5,670 pursuant to his contract with defendants. Defendant L. Diane Groszko asserts two assignments of error on appeal, which state:

"I. The trial court erred in issuing Findings of Fact which omit ultimate facts determinative of the case.

"II. The trial court erred in granting judgment for plaintiff."

Plaintiff filed a complaint in the trial court on August 28, 1989, alleging that on May 1, 1981 he loaned his sister, L. Diane Groszko, and her ex-husband $4,200 to be paid back within five years from the date of the note. He further alleged that when the note was not paid on May 1, 1986, plaintiff agreed to allow defendants to make payments on the note, but that the principal would accumulate interest at a rate of seven percent per year. Plaintiff contended that defendants failed to make any payments on the note and, therefore, plaintiff demanded judgment in the amount of $5,376. Defendant answered the complaint and counterclaimed for plaintiff's failure to perform his promise to reimburse her for catering their parents' fiftieth anniversary party.

After discovery, a bench trial was held on October 29, 1990. Thereafter, the trial court entered judgment for plaintiff on November 21, 1990. Defendant then filed a "Request for Findings of Fact" on November 28, 1990. The trial court filed such findings on July 25, 1991 and defendant appealed.

Defendant's first assignment of error is directed to the sufficiency of the trial court's findings of fact pursuant to Civ.R. 52. The findings of fact challenged by defendant state:

"The Court finds that the defendant, L. Diane Groszko, borrowed $4,200.00 in the spring or summer of 1982 from plaintiff by oral agreement. There was

a meeting of minds between the parties that the repayment would be unconditionally made regardless of the profitability or survival of the business which the $4,200.00 helped finance. 'Defendant's Exhibit 2' is evidence that said oral agreement occurred in the spring or summer of 1982.

"The defendant, L. Diane Groszko, is the sister of the plaintiff. The agreement called for defendant to pay seven percent (7%) interest annually. Interest payments were made in 1983, 1984 and 1985, and the Court hereby credits defendant with making those payments. The defendant agreed to pay back the loan but there was no agreement as to a specific due date. Although 'Defendant's Exhibit 2' was not in existence on May 1, 1986, in early 1988 plaintiff asked defendant to sign an installment note, which is 'Defendant's Exhibit 2,' for the purpose of plaintiff using said installment note to write off the debt with the IRS, starting with 1987 taxes.

"The Court finds that the note (Defendant's Exhibit 2) is merely evidence of the oral agreement.

"The Court further finds that no payments have been made by defendant on the principal and only three interest payments have been made. Plaintiff has demanded payment.

"The Court finds that a reasonable time has elapsed under the circumstances and the debt is past due.

"The Court finds as to defendant's Counterclaim that there has been no meeting of the minds as to the alleged contract.

"The Court further finds defendant owes plaintiff $4,200.00 principal, plus interest in the amount of $294.00 per annum for five years, the total amount due being $5,670.00 plus interest and costs.

"Judgment for plaintiff on defendant's Counterclaim."

Here, defendant is not arguing that the trial court should have utilized separate findings of facts or conclusions of law. Further, defendant cannot argue that the court's findings are unsupported by the evidence presented. Defendant chose not to file a transcript in this case as required by App.R. 9(B).

Essentially, then, defendant's contention is that the trial court failed to respond to all the questions she posed in her "Request for Findings." This document, which begins with a general request for findings of fact and conclusions of law, pursuant to Civ.R. 52, goes on to propound seven separate substantive questions concerning the court's judgment. These seven interrogatories to the court cover various issues, like whether the court granted judgment on a 1988 "note" attached to the complaint or whether the court viewed this "note" as merely evidence of a prior oral agreement entered into

in 1981. They reflect defendant's ongoing theory that the back-dated "note" she signed in 1988 was really only gratuitously prepared by her to substantiate her brother's bad debt deduction to the Internal Revenue Service.

At the outset, we must note that, contrary to defendant's contention, the written interrogatory provisions of Civ.R. 49 are inapplicable here. In *County of Summit ex rel. Mohler v. Yacobucci* (1975), 41 Ohio St.2d 110, 70 O.O.2d 200, 322 N.E.2d 890, the Supreme Court of Ohio expressly held in paragraph one of the syllabus that the written interrogatory provisions of Civ.R. 49 are only applicable to jury trials. Further, in his majority opinion, Justice Corrigan responded to the argument that interrogatories to the court could suffice as a proper request for Civ.R. 52 findings. He analyzed the issue as follows:

"Civ.R. 52 provides that '[w]hen questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise * * *' before judgment entry or within seven days after the announcement of the court's decision, whichever is later. This rule was not invoked by appellee.

"When questions of fact are tried by the court without a jury, the submission of written interrogatories does not satisfy the provisions of Civ.R. 52 and will not be deemed a request for the court to state its findings of fact separately from its conclusions of law.

"Civ.R. 49 provides for the court's submission of written interrogatories *to the jury* at the request of any party prior to the commencement of argument, but does not authorize the submission of interrogatories to the court sitting as the trier of facts.

"Prior to the adoption of the Civil Rules, requests for special findings of fact and conclusions of law were governed by statute. In *Cleveland Produce Co. v. Dennert* (1922), 104 Ohio St. 149 [135 N.E. 531], this court construed former G.C. 11470, analogous to Civ.R. 52. That section provided:

" 'When questions of fact are tried by the court, its finding may be general for the plaintiff or defendant, unless, with a view of excepting to the court's decision upon questions of law involved in the trial, one of the parties so requests, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.'

"The court, in *Dennert,* determined that, when a party requests a separate written statement of the conclusions of fact, and, as an aid to the court, submits special written interrogatories for that purpose, it is the duty of the court as part of its judgment to make answer to all interrogatories involving the ultimate facts of the controversy and all probative facts from which the

ultimate facts can be inferred. * * * " (Emphasis *sic.*) *Id.*, 41 Ohio St.2d at 112–113, 70 O.O.2d at 202, 322 N.E.2d at 892–893.

■ Today, Civ.R. 52 controls findings of fact. Under this rule, a trial court has the obligation to respond to a proper request for findings and must respond in the manner provided for in the rule. Clearly, the rule does not contain any express provision mandating a response to post-judgment interrogatories to the court.

■ While defendant argues that Civ.R. 52, like its predecessor, creates a duty to respond to timely interrogatories directed to ultimate and probative facts, we find that, in any event, defendant's arguments must fail in this case because she has not provided this court with a transcript or statement of the evidence as required by the Appellate Rules. Simply put, we have no way of knowing what actually transpired at trial. The trial court's findings vary somewhat from the initial allegations of the complaint but we decline to presume error. Many things could have occurred on the record to cause the court to find as it did.

Moreover, without a transcript this court cannot attempt to square any ambiguous or unclear findings against the evidence presented. Presumably, the trial court's findings were made with reference to the evidence presented and if this court had a transcript to refer to, then we could construe the findings to discern whether the court did rule on the ultimate and probative facts in accordance with law. In absence of a transcript, this court can only review the findings in a limited fashion.

Here, we think the findings were sufficient under Civ.R. 52. The court indicated that it granted judgment on a 1982 oral agreement which was evidenced by the 1988 back-dated "note." This document only served to memorialize the oral agreement for tax purposes. We find no error of law in this regard.

Accordingly, defendant's first assignment of error is not well taken.

■ Defendant argues in her second assignment of error that the trial court erred in granting judgment to plaintiff because plaintiff's suit on the oral contract was barred by both the statute of frauds and statute of limitations.

With respect to the statute of frauds, defendant argues that the oral contract by its terms violated the one-year provision of the statute contained in R.C. 1335.05. This provision states that "[n]o action shall be brought whereby to charge the defendant * * * upon an agreement that is not to be performed within one year from the making thereof * * * unless the agree-

ment upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged * * *."

Defendant's statute-of-frauds argument is without merit. There is nothing in the record to suggest that defendant's promise could not be performed within one year from its making. She could have paid back the $4,200 the very day the money was lent.

■ With respect to the statute of limitations, defendant argues that R.C. 2305.07 bars plaintiff's claim on the 1982 oral contract because the six-year limitations period on oral promises would have run in 1988 and plaintiff filed suit the following year.

Defendant relies on the Trumbull County Court of Appeals' decision in *Mines v. Phillips* (1987), 37 Ohio App.3d 121, 524 N.E.2d 200, for the proposition that the statute of limitations begins to run on an oral promise without a specific date of performance when such promise is made. By contrast, plaintiff contends that the statute began to run in 1986 when defendant stopped paying the agreed interest and thereby breached the contract.

Irrespective of these arguments, we think the statute of limitations was satisfied by virtue of defendant's partial payment. Under R.C. 2305.08, "[i]f payment has been made upon a demand founded on a contract, or a written acknowledgement thereof, or a promise to pay it has been made and signed by the party to be charged, an action may be brought thereon within the time limited by sections 2305.06 and 2305.07 of the Revised Code, after such payment, acknowledgement, or promise."

Here, it is undisputed that defendant partly performed her part of the bargain by paying interest in 1983, 1984, and 1985. She admitted this in response to plaintiff's request for admissions. Further, the court noted these payments in its findings.

Thus, aside from any issue concerning whether the "note" served as an acknowledgment which would toll the limitations period, see, *e.g., Thomas H. Jacoby & Associates, Inc. v. Jednak Floral Co.* (Nov. 7, 1991), Franklin App. No. 90AP–1228, unreported, 1991 WL 232262, we find that these interest payments did serve to toll the limitations period until the last interest payment was made in 1985. Cf. *In re Rosen* (Oct. 25, 1990), Franklin App. No. 90AP– 654, unreported, 1990 WL 162773. Since plaintiff's 1989 lawsuit was brought within six years after 1985, the statute of limitations did not bar plaintiff's claim on the oral contract.

Accordingly, defendant's second assignment of error is not well taken.

For the foregoing reasons, defendant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and TYACK, JJ., concur.