## KELLÉRSBERGER v. KOPP.

As a husband and wife may, by joining in a conveyance, destroy a homestead right already acquired, by selling the whole, so they may equally destroy it by selling an undivided portion of it.

It seems that a covenant by the husband to convey an undivided interest in the land, executed before any residence of his family on the premises, sustained by a deed made by the husband alone after the residence of his family and that of his covenantee on the premises, prevents the homestead right from attaching; and that a mortgage, executed by the husband alone after the residence of the two families on the land, but before the deed was executed by the husband to his co-tenant, will be maintained against the claim of homestead.

APPEAL from the District Court of the Twelfth Judicial District.

This was an action to foreclose a mortgage. The defendants, Kopp and his wife, claimed their homestead right in the mortgaged premises on the ground that the mortgage was executed by the husband alone.

The Court below entered a decree as prayed for by the plaintiff. Defendants appealed. The record establishes the following facts:

On and before July 1st, 1854, appellant Kopp was the owner in fee of the lot of ground described in the complaint.

On July 24th, 1854, Kopp made an agreement in writing with Jean B. Le Clerc, (who was made a party defendant to the action for foreclosure,) by which Le Clerc was to build a brick house on said lot, and that when such house should be finished, Le Clerc should in consideration of such building, receive a deed from Kopp for the undivided

half of the said lot of ground; that is to say, Kopp agreed to furnish the lot, and Le Clerc the house, and each to be the owner of the half part of both lot and house.  Le Clerc began to build shortly after the agreement was made, and so soon as the basement was sufficiently finished, he and his wife moved into a portion of it.  Some time after Le Clerc had moved in, Kopp and his wife also moved in and took possession of another portion of the basement of the house.  This was some time in August, 1854..

On October 18, 1854, Kopp mortgaged the lot to Eugene Guichard to secure $3,000, and Guichard afterwards assigned the same to respondent.

On the 2d day of April, 1855, the house being fully completed by Le Clerc, Kopp, in pursuance of the agreement of July 24, 1854, conveyed to him by deed the undivided half part of said lot, and in the deed it was expressly stated that the conveyance was made subject to the mortgage of $3,000 given by Kopp to Guichard.

Kopp and his wife, (who was made a party defendant to the action brought by respondent for the foreclosure of said mortgage,) set up a claim of homestead.

The Court below decided that, under the circumstances of the case, there was no right of homestead, since there was a joint ownership by Kopp and Le Clerc.

*H. P. Hepburn* for Appellants.

The only question for the Court in this case, is whether a mere equity to become a tenant in common, can defeat a right of homestead, which attached between the acquisition of the equity and the consummation of the title by the execution of a deed.

In Taylor *v.* Hargous, 4 Cal. R., an action of ejectment was brought by the wife, and the property which had been surrendered by the husband to his vendee, was recovered.  This could only be on the ground that the right of homestead was a legal title.

At the date, therefore, of the execution of the mortgage, this legal title was vested absolutely in Kopp and wife, and was, if this be true, in no way affected by the equity of Le Clerc, to have thereafter a deed on certain conditions, for one-half of the property.   What may be the rights of Le Clerc, as against Kopp, is not the question before the Court. Le Clerc makes no complaint, and the Court will hear him when he does; but in the mean time, will it be permitted to a mortgagee, who takes his mortgage with full notice of the wife's title, to avail of an outstanding equity in a third person, to which equity he is an entire stranger, for the purpose of defeating a valid legal right which has its foundation in considerations of humanity, and which, therefore, should receive kind treatment at the hands of the Court?

*Sidney V. Smith* for Respondent.

On behalf of respondent it is submitted, that as between Le Clerc and Kopp, there was by virtue of the agreement of July 24th, 1854, an

Kellersbsrger *v.* Kopp.

inchoate tenancy in common, which by the completion of the building, and the deed of April 2d, 1855, became converted into an absolute and well determined tenancy in common.

That for the purpose of protecting the mortgage of respondent, the title of Le Clerc must be deemed to have been an absolute one when the mortgage was given, and that the deed of April 2d, 1855, must be taken to have relation back to July 24th, 1854.

Le Clerc having taken his title expressly subject to the mortgage, cannot dispute its validity, nor has he so done. Though made a party, and regularly summoned, yet he never defended the action.

It is perfectly clear. that as between Kopp and Le Clerc, Kopp could never have claimed a homestead against Le Clerc, and a Court of Equity would have decided that his deed of April 2d, 1855, related back to July 24th. 1854, and that therefore the subsequent occupancy of the land by Kopp and his wife would not avail against Le Clerc, more especially as he was in possession before Kopp moved there.

But again, when the mortgage was made, both Kopp and his wife, and Le Clerc and his wife, were occupying the land, and living on it; and if either party had the better right of homestead, it was clearly Le Clerc, by reason of his prior occupancy; but this Court has repeatedly decided that there can be no claim of homestead in favor of a tenant in common.

In regard to the doctrine of the relation of deeds, and how far it extends for the purpose of protecting the rights of parties, the respondent • refers to 4 Kent Com., *454 ; Jackson *v.* Bull, 1 Johns. Cases, 2d edition, p. 81, and the notes appended thereto.

If Kopp could not set up a homestead against Le Clerc, he clearly cannot set it up against respondent's mortgage.

In the one case, he cannot deny the tenancy in common, and if it exists in the case of the one, it exists in the case of the other.

If, again, it is allowed against the mortgage, the effect of it will be that as between Kopp and Le Clerc, there will be a tenancy in common free from the very encumbrance which both of them have expressly recognized as existing as a valid lien on the property.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

This case must be decided upon the principle settled in Davis & Wolf *v.* Fleishacker, 5 Cal. R. We there held, that a homestead right under our statute cannot attach upon lands held in common or by joint tenancy.

As husband and wife may, by joining in a conveyance, destroy a homestead right already acquired, by selling the whole, so they may equally destroy it by selling and conveying a part of it, if it be done in the shape of an undivided moiety, so as to turn the estate into a tenancy in common ; and when it has been thus destroyed, no question of homestead can be raised against a creditor.

Judgment affirmed.