[No. 11178.  Department Two. — February 27, 1886.]

# J. M. HORTON, APPELLANT, v. PRUDENCIO DOMINGUEZ ET AL., RESPONDENTS.

FINDINGS — EVIDENCE — APPEAL — PRESUMPTION. — The findings are presumed to be supported by the evidence, in the absence of a showing to the contrary in the record on appeal.

ID. — FINDINGS NOT WITHIN ISSUES. — An objection that certain findings were not within the issues will not be considered on appeal, if no objection to the admission of the evidence supporting the findings was made at the trial.

APPEAL from a judgment of the Superior Court of Ventura County.

The action was brought to recover the possession of certain lands. The defendants filed a cross-complaint setting up an agreement with the plaintiff whereby he promised to convey to one of the defendants a portion of the land, as soon as he had received a patent therefor from the United States. At the time of the agreement the land belonged to the United States, and had been entered by the plaintiff under the homestead laws. The further facts an stated in the opinion of the court.

*Hall & Hamer*, for Appellant.

*Blackstock & Shepherd*, for Respondents.

THORNTON, J.—The motion to dismiss the appeal is denied.

Conceding that the contract made before the patent was issued was void as against the states of the United States, it appears from the findings that after the patent was issued in November, 1879, another agreement was entered into between the parties, which is not void. This last agreement is as follows: —

"That afterward, to wit, on or about the twenty-fifth day of December, 1882, in said Ventura County, defendants again demanded that said deed of conveyance should

be executed to said lands to said Mercedes D. Dominguez, and that plaintiff then and there agreed he would execute and deliver said deed to said lands so described in his complaint when he, the said defendant, would execute and deliver to him, the said plaintiff, a deed of conveyance to a one-half interest in *his* the said Prudencio Dominguez's water right, known as the Pires ditch, the said interest being the one third and said water right so demanded by said plaintiff to be conveyed, being described as follows: That certain ditch and water formerly owned jointly by José Ygnacio del Valle, Alfredo Salazar, and Prudencio Dominguez, which said ditch is taken out of the Fires Creek at the mouth of the cañon, and which passes through the lands of Esteban Dominguez, A. Salazar, R. Strathern, and J. M. Horton; that defendants, in consideration that said plaintiff would then or soon thereafter execute and deliver to said Mercedes A. Dominguez the deed of conveyance to lands so described in his complaint, did execute and deliver to said plaintiff a deed to said water right, as above set forth in this finding, No. 9, and that at said time plaintiff accepted said deed in full compensation for said agreement to so convey said land, and caused the same to be recorded in book 12 of deeds of Ventura County Records, pp. 121, 122."

It is objected that the finding is not within the issues. As the record shows nothing to the contrary, we must presume that testimony was introduced to establish the facts found by this finding.

It does not appear that any objection was made by the plaintiff to the evidence that it was inadmissible under the pleadings, as not being within the issues joined. As the record stands, it appears that the cause was tried as if the agreement found was put in issue. Under such circumstances, we cannot permit the objection to be now made that this finding is of matters outside of the issues joined in the cause. It should not be permitted that the plaintiff should allow the cause to be tried as if issues are

regularly joined, and when the result is a judgment adverse to his claims, urge in this court that no such issue was made in the court below.

The judgment must be affirmed.   So ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.