[No. 9668.    Department Two. — April 25, 1887.]

JOHN O. MOORE, APPELLANT, *v.* JAMES CAMPBELL, RESPONDENT.

BREACH OF CONTRACT — ACTION TO RECOVER FOR — EVIDENCE. — In an action to recover damages for the breach of a contract of employment, letters written by the plaintiff between the time of the alleged breach and the commencement of the action, tending to show that he then claimed nothing as due him from the defendant, are relevant and material.

PRACTICE — FINDINGS — OBJECTION TO MUST BE MADE IN LOWER COURT — APPEAL. — An objection that a certain finding is not within the issues raised by the pleadings, if not made in the court below, will not be considered on appeal.

ID. — NEW TRIAL — FINDING OUTSIDE OF ISSUES — EVIDENCE. — A new
trial will not be granted on the ground that certain findings are not
within the issues raised by the pleadings, when the action was tried
without objection to the sufficiency of the pleadings to raise such issues,
and the findings are justified by the evidence.

APPEAL from an order of the Superior Court of the
city and county of San Francisco refusing a new trial.

The facts are stated in the opinion.

*George B. Merrill,* for Appellant.

*Clunie & Young,* and *Clunie & Knight,* for Respondent.

BELCHER, C. C. — This is an action to recover damages
in the sum of three thousand dollars for breach of con-
tract. It is alleged in the complaint that in the month
of May, 1879, the plaintiff and defendant entered into an
agreement by which plaintiff was to render services to
defendant, as his agent and business manager, for the
period of one year, from and after the ninth day of June,
1879, for the sum of three thousand dollars, and all his
personal living expenses to be paid and met by defend-
ant; that on the ninth day of June, 1879, in pursuance
of the agreement, plaintiff sailed with defendant for the
city of Honolulu, and that, having arrived there, he held
himself subject to the orders of defendant, under his
said agreement, and demanded of defendant to designate
what services he should render, but defendant refused
to designate any labor or services to be performed by
plaintiff, and on the sixth day of July following informed
him that he would not fulfill the contract, and directed
him to take the first steamer for San Francisco, with
which request he then and there complied; that defend-
ant paid him on account for his services the sum of
eight hundred dollars, and that his personal living
expenses after the sixth day of July amounted to eight
hundred dollars. The answer denies all the material
allegations of the complaint, and denies that defendant

" is indebted to plaintiff in the sum of three thousand
dollars, or in any other sum whatever, upon an agree-
ment, or for anything." It then alleges that defendant
took plaintiff to Honolulu as an act of kindness, and
there gave him some employment, and "paid him in
full for said work after his services were rendered; and
that in no other way has plaintiff ever served defend-
ant, and all work or services ever done for defendant by
plaintiff have been paid for in full by defendant."

The court found that the agreement was made and
broken as set forth in the complaint, and also that
defendant paid plaintiff eight hundred dollars and two
passenger tickets from Honolulu to San Francisco,
"which said sum of money and tickets the plaintiff
received in full satisfaction of all demands against de-
fendant by reason of the breach of said contract by
defendant as aforesaid." Judgment was then entered in
favor of defendant. The plaintiff moved for a new trial,
and the appeal is from the order denying his motion.

Two letters written by the plaintiff were offered in
evidence by the defendant, and were objected to as irrel-
evant and immaterial. The objections, we think, were
properly overruled. The letters were written between
the time of the alleged breach and the commencement
of the action, and tended strongly to show that nothing
was then claimed by plaintiff to be due him from de-
fendant, and they were therefore relevant and material
to the matter in hand.

It is further objected that the finding that plaintiff's
claim was fully paid and satisfied was not within the
issue tendered by the defendant's answer. The point
does not appear to have been made in the court below,
and we think it should not be sustained here.

The answer might have been, and perhaps should
have been, amended at the trial, but as the case was
tried upon it without objection as to its sufficiency, and
the findings and decision were justified by the evidence,

the order refusing a new trial should now, we think, be affirmed.

FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, order affirmed.

Hearing in Bank denied.