Hearing in Bank denied.

---

[No. 18322.    Department Two.—March 6, 1895.]

THE BANK OF SUISUN, RESPONDENT, v. WILLIAM S. STARK, ADMINISTRATOR, ETC., ET AL., APPELLANTS.

ABANDONMENT OF HOMESTEAD—GRANT UPON CONDITION SUBSEQUENT—
    RESERVATION TO GRANTORS.—A homestead is abandoned by a deed of
    grant executed by the husband and wife purporting to convey the land
    *in præsenti* to the grantee, and to his heirs and assigns, upon the express
    condition that the party of the second part shall make certain specified
    payments to the children of the grantors, and that when the party of
    the second part, or his heirs or assigns, shall have performed such con-
    ditions, the legal title to the premises shall vest in him absolutely; and
    such deed vests the title in the grantee upon condition subsequent, and
    the title is not affected by the reservation to the grantors of the right to

live in and occupy the house on the premises, and to be supported and clothed out of the yearly proceeds of the premises so long as they should live.

ID. — MORTGAGE UPON HOMESTEAD — ESTATES OF DECEASED PERSONS — PRESENTATION OF CLAIM. — Where the homestead was abandoned before the death of the mortgagor, the fact that a homestead existed at the time when the mortgage was executed does not make it essential that a claim should be presented against the estate of the deceased mortgagor; but the mortgage may be foreclosed upon the premises, where the complaint expressly waives all recourse against any other property of the estate of the mortgagor than that described in the mortgage.

ID. — PARTIES — REPRESENTATIVES OF DECEASED WIFE. — Where no administration has been had upon the estate of the deceased wife, and the property mortgaged was community property, a complaint making all of the heirs at law of both husband and wife parties defendant is not defective upon the ground that the personal representative of the deceased wife was not made a defendant.

APPEAL from a judgment of the Superior Court of Solano County and from an order denying a new trial.

The facts are stated in the opinion.

*John M. Gregory*, and *O. P. Dobbins*, for Appellants.

*George A. Lamont*, for Respondent.

BELCHER, C.—Jeremiah V. Stark was the owner of certain land in Solano county, which was community property, and on which he with his family was residing, and on August 8, 1870, he duly executed, filed, and caused to be recorded a declaration of homestead thereon. On September 15, 1883, he and his wife, Mary Ann Stark, executed a deed of the said land to their son, the defendant William S. Stark, and on August 13, 1885, the latter reconveyed the said land to his father and mother.

On August 25, 1885, Stark and his wife executed to the plaintiff a mortgage on the said land to secure payment of their promissory note of that date for three thousand dollars; and on September 21, 1887, they executed to the plaintiff another mortgage on the same land to secure payment of their promissory note of that date for five hundred dollars.

Stark died July 30, 1888, and thereafter the defendant William S. Stark was duly appointed administrator of his estate. Notice to creditors to present their claims against the estate was duly given, but the plaintiff failed to present any claim for its said notes and mortgages within the time allowed by law.

Mrs. Stark died July 11, 1889, but no administration on her estate was ever taken out.

The plaintiff commenced this action in August, 1890, to foreclose its said mortgages, and in its complaint expressly waived all recourse against any other property of the estates of the mortgagors than that described in the mortgages.

The defendants, who are all of the children and heirs at law of the mortgagors, answered, and, among other things, alleged that, by reason of the failure of the plaintiff to present its claims to the administrator of the estate of J. V. Stark within the time allowed by law, each of the causes of action set up was barred by the provisions of sections 1475, 1493, 1500, and 1502 of the Code of Civil Procedure.

The case was tried and the court found the facts very fully, and, among other things, that the causes of action were not barred by the sections of the code pleaded in bar thereof. A decree of foreclosure was accordingly entered, from which, and from an order denying their motion for a new trial, the defendants appeal.

The principal contention of appellants is, that when the mortgages were executed the mortgagors had a valid and subsisting homestead on the mortgaged premises, which was never abandoned, and that after their death it became necessary, under the requirements of the code and the decisions of this court, that the plaintiff should present its claims to the administrator of the estate of said J. V. Stark for allowance before any proceedings for foreclosure could be taken.

On the other hand, it is contended for respondent that the mortgagors abandoned their homestead when they executed the deed of September 15, 1883, to Will-

iam S. Stark, and hence that the foreclosure was authorized by section 1500 of the Code of Civil Procedure.

Section 1243 of the Civil Code provides: "A homestead can be abandoned only by a declaration of abandonment, or a grant thereof, executed and acknowledged: 1. By the husband and wife, if the claimant is married; 2. By the claimant, if unmarried." And sections 1033 and 1039 declare that a grant is a transfer in writing, and a transfer is an act by which the title to property is conveyed by one living person to another.

The question then is: Was the deed referred to a "grant," and did it operate to transfer the title to the property described from the grantors to the grantee?

The material parts of the deed are as follows: "That the said parties of the first part, for and in consideration of the acceptance of this conveyance by the said party of the second part, subject to the conditions hereinafter mentioned and expressed, and for the further consideration of one dollar, . . . . do by these presents grant, bargain, sell, and convey unto the said party of the second part, and to his heirs and assigns forever, [Then follows a description of the land.] Together with all and singular the appurtenances, tenements, and hereditaments thereunto belonging, or in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof. And also all the estate, right, title, interest, homestead property, possession, claim, and demand whatsoever, as well in law as in equity, of the said parties of the first part of, in, or to the above-described premises and every part and parcel thereof, with the appurtenances. [Then follows the usual habendum clause.] *Provided,* however, and this conveyance is made and accepted upon this express condition, that the said parties of the first part reserve to themselves the right to live in and occupy the residence now occupied by them and situated upon the premises above described, together with their three minor children, Charles Stark, Oliver Stark, and John Stark, until the death of the said parties of the first

part. And the said parties of the first part further reserve to themselves and their three minor children . . . . the right to be supported and clothed out of the yearly proceeds of the said premises described as aforesaid until the death of the said parties of the first part; and should the said parties of the first part die before the date of the payment to the said minors . . . . of the sum of one thousand dollars each, gold coin of the United States, the date of the payment of which will more particularly appear in this indenture hereafter, then the said minors . . . . are to be clothed and supported out of the yearly proceeds of the said premises described as aforesaid until the payment to each of them of the sum of one thousand dollars."

It is then further stated that the conveyance is made and accepted upon the express conditions that the party of the second part shall make the following payments to the children of the parties of the first part on or before the dates named, to wit: To Mary J. Banson, one thousand dollars, October 1, 1886; to Narcissa Barrett, one thousand dollars, October 1, 1887; to Lucy Ann Stark, one thousand dollars, October 1, 1888; to Charles Stark, one thousand dollars, October 1, 1889; to Oliver Stark, one thousand dollars, October 1, 1890; to John Stark, one thousand dollars, October 1, 1891.

And following the above is this provision: "And when said William S. Stark, the said party of the second part, or his heirs or assigns, shall have performed the conditions in this indenture hereinbefore expressed, the legal title to the premises described as aforesaid shall vest in him absolutely."

It is claimed for appellants that the conditions expressed in the deed were conditions precedent and for respondents that they were conditions subsequent.

" If land is conveyed upon a condition precedent, the title will not pass until the performance of the condition. But, if the condition is subsequent, the title passes at the time at which the deed is executed and delivered. Whether a covenant is to be deemed precedent or sub-

sequent depends upon the intention of the parties as
shown by the instrument, and not upon the use of any
particular set of technical words." (Devlin on Deeds,
sec. 958.)

The deed purports to convey the land *in præsenti*, and
if such was the intention of the parties there can be no
question that the court below rightly found that it did
so, and operated as a present grant.

The grantors reserved to themselves the right to live
in and occupy the house on the premises, and to be sup-
ported and clothed out of the yearly proceeds of the prem-
ises so long as they should live, and there is no pretense
that they were deprived of that right. In this reserva-
tion we see nothing to indicate that they intended to
retain the title in themselves during their lives. On
the contrary, it would seem from the language used that
they intended to pass the title at once to the grantee,
subject to the conditions named.

In *Hihn* v. *Peck*, 30 Cal. 281, it is said on page 290:
" The provision that the grantors might remain in pos-
session and take the rents and profits until the lawsuit
should be determined does not argue that the title was
to abide in the Littlejohns during the interval, but pre-
supposes that it was not. But however that may be, it
is apparent that the words of reservation to the gran-
tors, and the words of conveyance *in præsenti* to the
grantee, may operate respectively to the full extent of
the terms used and still be in perfect consonance with
each other."

Before the time arrived for making any of the pay-
ments to his sisters and brothers the grantee reconveyed
the land to his grantors. He was then relieved from
the duty to make the payments, and it is, therefore, a
matter of no consequence that none was made. The
obligations, however, to make the payments were clearly
conditions subsequent and not precedent.

The conclusion reached seems to be fully warranted
by the last clause of the deed, to the effect that when
the party of the second part, *or his heirs or assigns,* shall

have performed the conditions mentioned, the legal title to the premises shall vest in him *absolutely*. This clearly indicates that the parties intended to have some title vest in the grantee at once which would descend to his heirs, or which he might assign, and that on performance of the conditions it should be complete.

The point that there was a defect of parties defendant, because neither Mary Ann Stark nor her personal representative was made a defendant, is not well taken. Mrs. Stark died before this action was commenced, and no administration was had on her estate. The property was community property, and all the heirs at law of herself and husband were joined as defendants. This was sufficient.

The decree and order appealed from should be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the decree and order appealed from are affirmed.

HENSHAW, J., TEMPLE, J., McFARLAND, J.