[L. A. No. 1066. Department Two.—September 17, 1902.]

GRACE M. BEARDSLEY and GRACE M. BEARDSLEY, Administratrix, etc., Appellants, v. S. H. CLEM and CATHERINE CLEM, Respondents.

EXCHANGE OF LAND — MUTUAL MISTAKE — RESCISSION — ESTOPPEL.— Though a notice of rescission of an exchange of land for mutual mistake as to the existence of a dwelling-house on the land received by plaintiffs was in sufficient time if the situation of defendants had not materially changed; yet where the plaintiffs, with knowledge of the destruction of the house by fire, had prior to notice of the rescission permitted the defendants to erect permanent improvements upon the land deeded to them, and received payment for fertilizing material furnished by plaintiffs and used by the defendants in the cultivation of such land, the plaintiffs were equitably estopped from claiming a rescission of the exchange.

ID.—PLEADING OF EQUITABLE ESTOPPEL—WAIVER OF OBJECTION.—An equitable estoppel must be pleaded; but even if not pleaded by that title, with usual averments, where the main facts upon which the estoppel rests were pleaded, and no objection was made to the pleading or to the evidence of all of the facts in the case, objection to any defect in the pleading is deemed waived.

[1] 33 Am. St. Rep. 203.

ID.—FINDINGS—ABSENCE OF EVIDENCE—PRESUMPTIONS UPON APPEAL.—
In the absence of evidence in the record upon appeal, the appellate
court will presume that there was sufficient evidence to support the
findings as to the equitable estoppel, and that it went in without
objection, and was admissible under the pleadings.

ID.—PAYMENT OF INSURANCE MONEY—PLEADING—INTERLOCUTORY DE-
CREE.—The plaintiffs cannot complain upon appeal that defendants
were by interlocutory decree required to pay a sum of money col-
lected by them as insurance upon the burned dwelling, as a condi-
tion of final judgment in their favor, and that such relief found no
support in the pleadings. The plaintiffs were not injured by this
feature of the decree.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion.

T. M. Stewart, for Appellants.

J. H. Ardis, and Kendrick & Knott, for Respondents.

CHIPMAN, C.—Rescission. Defendants had judgment,
from which plaintiffs appeal on the judgment-roll alone.

The original plaintiffs were Clarence L. Beardsley and
Grace M. Beardsley, his wife. Defendants were husband and
wife. After a demurrer had been sustained to the complaint,
and pending demurrer to the amended complaint, plaintiff
Clarence died, and plaintiff Grace was substituted as adminis-
tratrix of her husband's estate, and a supplementary and
amended complaint was filed, which was answered, and the
cause was tried by the court on these pleadings.

Plaintiffs owned a ten-acre tract of land near Redlands,
and defendants owned a ten-acre tract near Downey. They
exchanged deeds on December 1, 1898, pursuant to a verbal
agreement previously entered into. On the night of November
30, 1898, a house which stood on defendants' land was
destroyed by fire.

The court found the following facts: That at the time
the deeds were exchanged each of the parties believed that the
dwelling-house on defendants' land then existed; that the
existence of said dwelling was an inducement to plaintiffs and
a part of the consideration moving to them in the transaction;
and that had plaintiffs known of the destruction of the house

they would not have made the exchange. On December 19, 1898, plaintiffs Grace and Clarence Beardsley served upon defendants a written notice of rescission and demanded a reconveyance of the land deeded to defendants by plaintiffs, which was refused by defendants. The land deeded by defendants to plaintiffs was "not of equal or nearly equal value with the lands deeded" by plaintiffs to defendants, "but the exchange as effected was not effected in any incompetency" (*sic*,—referring probably to an allegation in the complaint that Beardsley was *non compos mentis*), and was not inequitable or unjust. Prior to December 19, 1898, and after December 1st, defendants placed permanent improvements on the land deeded to them of the value of $358, for which they paid that sum, and among these payments was $25 paid to plaintiff Clarence Beardsley for fertilizing material used on said land, and he "knew of the destruction of said house when he received said $25." Defendants had no notice or information that plaintiffs were dissatisfied with the exchange of lands until December 19, 1898. Defendants have collected $110.45 for insurance on said house so destroyed by fire.

As conclusions of law, the court said: "It is found to be equitable that if defendants shall within ten days from notice of this decision pay to plaintiff or deposit in court for her the amount of money received from such insurance, then a decree should be entered that the plaintiff take nothing; but if defendants shall not so pay or deposit said money, then that plaintiff should have judgment canceling said deeds on the payment to plaintiff of $358.00. Let a judgment be entered in accordance herewith."

Appellants' contention is, that the finding that plaintiff Clarence knew of the destruction of the house when he received $25, and the finding that defendants collected $110.45 for insurance, have no support in the pleadings. The pleadings are verified, and the allegation of the answer was: "The defendants allege that prior to the nineteenth day of December, 1898, and subsequent to December 1, 1898, the defendants placed and erected upon the said real property [the property conveyed to defendants] valuable and permanent improvements of the value of $358.00, and for which defendants paid the sum of $358.00, to wit: $300 paid by the defendants for an addition built to the dwelling-house situated on

said last-named real property, $18.00 for cultivating and
irrigating the last-named real property, $25.00 paid to said
Clarence L. Beardsley for fertilizing material used on same,
and $15 for other fertilizing material used on same.'' De-
fendants allege that they have expended for permanent
improvements since December 19, 1898, and for taxes, the sum
of $952.08, but as this relates to expenditures since the notice
of rescission the allegation cannot be considered. The allega-
tion first above stated is deemed denied, and raised an issue
which the trial court treated as a plea in estoppel, and on
that ground held that, although plaintiffs had the right to
rescind in view of the mutual mistake, they were yet estopped
by subsequent conduct. In plaintiffs' brief the opinion of
the trial judge is printed, and in it he said:—

''But the obstacle in plaintiffs' way is found in the facts
which took place after the delivery of the deeds and before
the notice of rescission. Until that time, and about fourteen
days after plaintiff and her intestate learned of the destruc-
tion of the house, defendants, with the full knowledge of
plaintiff and her intestate, made substantial and valuable
improvements on the Redlands property, which they acquired
from plaintiff and her intestate in exchange, said improve-
ments amounting in value to $358.00. Plaintiff's intestate
also removed certain things from the Redlands property,
which he claimed were not transferred by his (said plain-
tiff's) deed, and sold certain fertilizers located there to de-
fendants to be used in fertilizing said Redlands land, while
said improvements were being made, thus indicating that he
did not intend to rescind and encouraging defendants' work
and expenditure on the Redlands property.

''These things created an equitable estoppel, because it is
unconscionable for a party to permit another to so improve
property obtained in such a bargain, and then claim the
property and improvements, even were he to pay the costs of
the improvements.''

But it is contended that no estoppel was pleaded in the
answer, and this is true in the sense that an estoppel *eo nomine*
was specifically pleaded, with the usual averments of such a
plea; and it is also true that the rules of pleading require
estoppels to be pleaded. But it is also true that ''if the facts
upon which the estoppel rests be pleaded, so that the opposite

party may know its nature,'' it is sufficient at least where the question arises under circumstances such as are disclosed in this case (*Carpy* v. *Dowdell,* 115 Cal. 677) ; and it was there also held that where no objection is made at the trial to evidence on the score of defective pleading the rule is well established that such a course is a waiver of a defect in pleading. The facts pleaded in the answer could have had no other object than that given them by the court, and whatever evidence went in to support the allegations must have been understood by plaintiffs to mean what the language used obviously and naturally imports. We cannot doubt that plaintiffs understood what defendants intended by alleging these facts, and to do so would be an impeachment of plaintiff's intelligence.

The case does not fall within the class of which *Ortega* v. *Cordero,* 88 Cal. 221, is an example; but falls rather within the class reviewed in that decision, and some others, of which *Horton* v. *Dominguez,* 68 Cal. 642; *Moore* v. *Campbell,* 72 Cal. 251; *Illinois Trust & Sav. Bank* v. *Pacific Ry. Co.,* 115 Cal. 285, and *McDougal* v. *Hulet,* 132 Cal. 154, are examples. We must presume that there was evidence sufficient to support the findings, and we must also presume that it went in without objection and was admissible under the pleadings. (See cases last above cited.)

In the absence of the evidence which alone could enlighten us as to the inferences fairly to be drawn from the conduct of the parties giving rise to the estoppel found by the trial court, we cannot say that its conclusions were erroneous.

Plaintiffs cannot complain that defendants were by the interlocutory decree required to pay to plaintiffs the money collected by them for insurance before entering a final decree in defendants' favor; plaintiffs were certainly not injured by this feature of the decree. A question might arise as to whether plaintiffs rescinded promptly, and whether they restored, or offered to restore, to defendants, if that was necessary, the value of the improvements put upon the land with their knowledge after the right to rescind arose. The record discloses no offer to make defendants whole, nor do we know all the facts occurring after plaintiffs knew of the destruction of the house, nor why, after such knowledge, they waited until improvements were made by defendants on the land before taking any steps to rescind. What would be prompt

rescission does not depend alone on the time that may elapse before asserting the right; what would constitute prompt rescission must depend somewhat on the circumstances of each case. In this case the notice was given probably in time, had the situation of defendants not materially changed. Defendants had a right to assume, under the circumstances disclosed, that the exchange was satisfactory, although the house was destroyed. They were warranted in so believing, inasmuch as plaintiffs said nothing about rescinding, but stood by while they were improving the property, and even sold them some of the material that went into these improvements. It is quite possible that the evidence, if before us, would put an entirely different phase on the case, but as it comes to us no error is apparent, and we therefore advise that the judgment be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    McFarland, J., Henshaw, J., Temple, J.