[Civ. No. S. C. 41.   Second Appellate District, Division One.—December 14, 1936.]

FIRST TRUST AND SAVINGS BANK OF PASADENA (a California Banking Corporation), as Trustee, etc., Respondent, v. GRACE P. WARDEN et al., Defendants; C. P. WARDEN, Appellant.

J. Everett Brown and Charles S. McKelvey for Appellant.

Campbell, Barstow, Grady & Smith and Harold K. Hotchkiss for Respondent.

WHITE, J., *pro tem.*—This is an appeal by defendant C. P. Warden alone from a judgment foreclosing a mortgage

on real property. No reporter's transcript has been filed, and this appeal is prosecuted upon the judgment roll alone.

The amended and supplemental complaint sets up the relationship of husband and wife existing between appellant and defendant Grace P. Warden; the execution of the note and mortgage by defendant Grace P. Warden on March 12, 1928; certain extension agreements; default of the last-named defendant under the terms of the note and mortgage; that appellant C. P. Warden has or claims to have some interest in, lien or claim upon the mortgaged premises or some part thereof; that such claims are subsequent and subject to the mortgage. The answer of appellant herein admits the relationship of husband and wife between himself and defendant Grace P. Warden and that defendant C. P. Warden has and claims an interest in the property sought to be foreclosed, but denies that such interest is subject to the lien of the mortgage. Other allegations of the complaint are undenied.

For a further and separate defense defendant C. P. Warden avers that his wife and codefendant Grace P. Warden had filed a declaration of homestead upon the mortgaged property in April, 1910, wherein he was described as husband. He further sets up that he claims under and by virtue of the declaration of homestead an interest in the property sought to be foreclosed, and alleges he has not abandoned his rights under the declaration of homestead. Defendant C. P. Warden further avers that he is not a comaker with his wife on the mortgage sought to be foreclosed; and prays that said mortgage be declared void and of no effect as to himself, and that the lien of the mortgage be discharged as against the real property described in the complaint.

The default of defendant Grace P. Warden was duly entered, and upon this appeal no point is involved by reason of the answer of the United States of America.

In connection with appellant's claims under the declaration of homestead the trial court found certain facts as follows:

"First: That at the time of the execution of said Declaration of Homestead the right, title and interest of the said Grace P. Warden and the said C. P. Warden in and to the property described in the said Declaration of Homestead, and hereinafter described, was subject to a mortgage executed by the predecessor in title of said defendants to and in favor of John R. Leahy.

"Second: That subsequent to the execution of said Declaration of Homestead said mortgage was duly foreclosed and the property therein described duly sold to said John R. Leahy, and thereafter, on or about the 6th day of October, 1911, and in accordance with the judgment of foreclosure, the Sheriff of Los Angeles conveyed to the said John R. Leahy the property described in said mortgage.

"Third: That on or about the 20th day of November, 1919, pursuant to a sale upon execution, the Sheriff of Los Angeles County conveyed to defendant Grace P. Warden all the right, title and interest of the said John R. Leahy in and to the property hereinafter described.

"Fourth: That on or about the 20th day of July, 1920, the trustee of the Raymond Improvement Company, a corporation, conveyed to defendant Grace P. Warden all the right, title and interest of said corporation in and to the property hereinafter described.

"Fifth: That on or about the 21st day of February, 1928, said defendants Grace P. Warden and C. P. Warden, her husband, conveyed to Cora P. Jakobson the property hereinafter described.

"Sixth: That on or about the 12th day of March, 1928, Cora P. Jakobson and Glenn Jakobson, her husband, conveyed to defendant Grace P. Warden the property hereinafter described."

█ Appellant's main attack upon the judgment is based upon the claim that the foregoing findings are made upon facts not alleged in the pleadings. It is the rule in this state that upon a direct appeal from the judgment upon the judgment roll alone it will be assumed in support of the judgment that all objections to the evidence in support of the findings were waived. (*Crowther* v. *Metalite Mfg. Co.,* 133 Cal. App. 452, 455 [24 Pac. (2d) 551].) Indeed, it was said by our Supreme Court in *Poledori* v. *Newman,* 116 Cal. 375 [48 Pac. 325], that, "If objection to the introduction of any evidence had been made upon the ground that the defect to which it related was not alleged in the complaint, the court would have permitted plaintiffs to amend their complaint. Parties will not be permitted to lie by and keep silent when evidence is offered, and after the court has rendered its judgment, object thereto upon the ground that the evidence sustaining it was inadmissible under the issues presented by the pleadings." Conceding in the instant case

that the findings are not strictly in accordance with the issues raised by the pleadings, nevertheless, this appeal being before us upon the judgment roll alone, we must presume that evidence was introduced which would support the findings as made, without any objection upon the part of defendant and appellant C. P. Warden, and that the facts were treated by all parties as issues properly before the court at the trial. If the entire record were before this court a different situation might be presented. (*Peck* v. *Noee,* 154 Cal. 351, 354 [97 Pac. 865]; *McDougald* v. *Hulet,* 132 Cal. 154, 163 [64 Pac. 278]; *Krasky* v. *Wollpert,* 134 Cal. 338, 343 [66 Pac. 309]; *Beardsley* v. *Clem,* 137 Cal. 328, 333 [70 Pac. 175]; *Illinois T. & S. Bank* v. *Pacific Ry. Co.,* 115 Cal. 285 [47 Pac. 60]; *Sukeforth* v. *Lord,* 87 Cal. 399 [25 Pac. 497]; *Moore* v. *Campbell,* 72 Cal. 251 [13 Pac. 689]; *Horton* v. *Dominguez,* 68 Cal. 642 [10 Pac. 186].) In the instant case, however, we are of the opinion that appellant by his separate defenses put his rights under the declaration of homestead squarely in issue, and the court having found that he was divested of any rights thereunder superior to those of the plaintiff mortgagee, both by the sheriff's deed pursuant to sale under execution and the conveyance to Cora P. Jakobson —in which latter instrument he himself joined as a grantor and both of which were subsequent to the filing of the declaration of homestead—we must now assume on this appeal upon the judgment roll alone that ample evidence was introduced at the trial, without any objection upon the part of appellant, to support these findings. This being so, the judgment must stand, because it has long been the rule in this state that the homestead is destroyed whenever the title to all or a portion of the homestead property is transferred to a third party. (*Kellersberger* v. *Kopp,* 6 Cal. 563.) This rule has been followed even though the property or a portion thereof was immediately reconveyed to one of the spouses as a part of the same transaction. (*Carroll* v. *Ellis,* 63 Cal. 440), and the same rule has been adhered to even though the conveyance contains a reservation of right of possession and profits during the life of the spouses. (*Bank of Suisun* v. *Stark,* 106 Cal. 202 [39 Pac. 531].)

Other points raised do not require discussion.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.