[Civ. No. 16368. Second Dist., Div. One. Oct. 15, 1948.]

EDWARD J. VIETH et al., Respondents, v. ORILLA KLETT, Appellant.

Victor Bewley for Appellant.

Edward K. Brody and Irving I. Bass for Respondents.

WHITE, J.—This is an appeal by defendant Orilla Klett alone from a judgment enjoining the sale of real estate. No reporter's transcript has been filed and this appeal is prosecuted upon the judgment roll alone.

Defendant Klett, a judgment creditor of plaintiff Edward J. Vieth, delivered a writ of execution to defendant Sheriff Biscailuz with instructions to sell all the right, title and interest of plaintiff Edward J. Vieth in certain real estate.

Defendant Sheriff Biscailuz advertised the sale for June 30, 1947. On June 27th, plaintiffs filed their complaint to

restrain defendants from proceeding with the sale of the aforesaid property under the execution and order of sale, and for cancellation of the instructions given to defendant sheriff for the above mentioned sale.

Issue being joined, the cause proceeded to trial before the court sitting without a jury resulting in a judgment enjoining the foregoing sale and cancelling the instructions given to defendant sheriff for such sale.

The rule in this state is that upon a direct appeal from the judgment upon the judgment roll alone, an appellate tribunal must presume that evidence was introduced which would support the findings as made, without any objection upon the part of the losing party, and that the facts were treated by all parties as issues properly before the court at the trial. Where the entire record is before the reviewing court a different situation might be presented (*First Trust & Savings Bank* v. *Warden*, 18 Cal.App.2d 131, 133, 134 [63 P.2d 329]).

In the instant case, the facts established by the judgment roll are that on May 8, 1945, respondent Edward J. Vieth, a widower, recorded a declaration of homestead upon his separate real property, upon which he resided with his three minor children.

On July 22, 1945, respondent Edward J. Vieth married respondent Hazel P. Vieth, and thereafter continued to reside upon said property with his wife and the aforesaid minor children.

On September 4, 1945, respondents herein, husband and wife, without consideration, executed a grant deed of said property to one Beverly L. Nickolson, an employee of Thomas Mortgage Company. Following the execution of said grant deed, and on the same day, and as part of the same transaction, Beverly L. Nickolson, also without consideration, executed and delivered to respondents a joint tenancy deed to said property. On November 23, 1945, the two deeds were recorded together and bear consecutive document numbers.

The court found "that said conveyances were executed and delivered by the respective parties for the sole purpose of vesting title in these plaintiffs as joint tenants." The findings further disclose that appellant Orilla Klett in an action for wrongful death arising out of an automobile accident, obtained a judgment against respondent Edward J. Vieth for $5,872.75. The findings then recite the issuance of execution on May 13, 1947, commanding defendant sheriff to

sell all right, title and interest of respondent Edward J. Vieth in and to the property herein mentioned, to satisfy the foregoing judgment, and the subsequent advertisement by the sheriff of his intention to proceed with such sale. That the property was not worth more than the sum of $7,500 and was encumbered by a deed of trust upon which there remained an unpaid balance of approximately $3,700.

In the complaint filed herein it was alleged that respondent Edward J. Vieth had never abandoned said homestead at any time, and the court found, "that on the fourth day of September, 1945, and prior thereto, plaintiff Edward J. Vieth and his family, then consisting of himself and his three children, Richard, Ronald and Robert, commenced to occupy the said premises and resided thereon, occupying the same as a homestead, and have at no time since that date had any other residence and have not occupied any other premises since that date."

It is admitted that appellant Klett failed to comply with the provisions of section 1245 of the Civil Code involving proceedings on execution against homesteads.

Appellant urges that the judgment granting an injunction is not supported by the findings for the asserted reason that no homestead existed upon the property in question, and that compliance with section 1245 of the Civil Code was, therefore, not required. That respondents husband and wife by their grant deed, completely divested themselves of all proprietary interest in the land to which the homestead of May 8, 1945, was attached. That the foregoing grant deed operated as an abandonment of the homestead.

Section 1243 of the Civil Code provides that, "A homestead can be abandoned by a declaration of abandonment, or a grant thereof, executed and acknowledged:

"1. By the husband and wife, if the claimant is married;

"2. By the claimant, if unmarried."

The rule concerning the abandonment or destruction of a homestead by grant was thus stated by this court in *First Trust & Savings Bank* v. *Warden, supra,* page 134:

". . . it has long been the rule in this state that the homestead is destroyed whenever the title to all or a portion of the homestead property is transferred to a third party. (*Kellersberger* v. *Kopp,* 6 Cal. 563.) This rule has been followed even though the property or a portion thereof was immediately reconveyed to one of the spouses as a part of the same transaction (*Carroll* v. *Ellis,* 63 Cal. 440), and the same rule

has been adhered to even though the conveyance contains a reservation of right of possession and profits during the life of the spouses. (*Bank of Suisun* v. *Stark,* 106 Cal. 202 [39 P. 531].)"

Section 1056 of the Civil Code provides that, "A grant cannot be delivered to the grantee conditionally. Delivery to him, or to his agent as such, is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery was made."

And section 1058 of the Civil Code provides that, "Redelivering a grant deed of real property to the grantor, or canceling it, does not operate to retransfer the title."

In the case at bar appellant admits that the court found that the conveyance to Beverly L. Nickolson was for the sole purpose of vesting title in respondents as joint tenants through the medium of a deed executed by the former to the latter as part of the same transaction, but relying on the cases of *Carroll* v. *Ellis,* 63 Cal. 440, 442, and *First Trust & Savings Bank* v. *Warden, supra,* page 134, contends that there was a period of time, though short, during which the title was vested in Beverly L. Nickolson, and that a grant effects an abandonment of the homestead where the grantor divests himself of all property interests to which the homestead was attached regardless of the fact that the property was immediately reconveyed as part of the same transaction.

Respondents, however, insist that the grant deed executed by them and delivered to Beverly L. Nickolson was a conveyance of the legal title in constructive trust for the use and benefit of respondents, and upon the condition that Beverly L. Nickolson would reconvey the property to the respondents as joint tenants.

This presents the question, was the grant deed referred to a grant and did it operate to transfer the title to the property from the grantors to the grantee?

The rule prevailing in California is that once the homestead has been created, the objects of the law require that as a matter of social policy, to the end that the humane purposes which the Legislature intended by its enactment shall be effected, the homestead shall be protected to the fullest extent, and the power of a creditor to attack the homestead by forced sale must be strictly limited to the instances specified in the law.

Bearing this rule in mind, we are persuaded that the finding by the trial court herein that no consideration passed

from Beverly L. Nickolson to respondents for the execution and delivery of the grant deed to the former, that the deed from Beverly L. Nickolson to respondents as joint tenants was without consideration, and, "that the said conveyances were executed and delivered by the respective parties for the sole purpose of vesting title in the names of these plaintiffs as joint tenants," must be construed as a finding that by their grant deed respondents conveyed the legal title to Beverly L. Nickolson in constructive trust and without intent to convey to her any beneficial interest therein, and without intent to abandon the homestead previously declared thereon. (*Palen* v. *Palen,* 28 Cal.App.2d 602 [83 P.2d 36].)

In the case of *First Trust & Savings Bank* v. *Warden, supra,* relied upon by appellant, the deed of conveyance therein consisted of an absolute grant of all interest held by the grantors. There was nothing contained in the deed, nor in the findings of the court, which might indicate that the transaction was without consideration, and was effected, as in the instant case, solely for the purpose of reconveyance of the property to such grantors as joint tenants.

In the case of *Carroll* v. *Ellis, supra,* also relied upon by appellant and cited in the case of *First Trust & Savings Bank* v. *Warden, supra,* the same situation prevailed.

We are satisfied that under the facts and circumstances present in the instant case, the deed from respondents to Beverly L. Nickolson did not convey such an interest as to create an abandonment of the homestead under the law.

█ Appellant next contends that a homestead prior to marriage does not exist for the benefit of the wife under a subsequent marriage. Because of the facts of the instant case this contention is untenable. On May 8, 1945, while respondent Edward J. Vieth was a widower and the head of a family, he recorded a declaration of homestead selected from his own property. This he was entitled to do under section 1238 of the Civil Code. █ The property in question being the separate property of Edward J. Vieth at the time he legally declared a homestead thereon it remained his separate property upon and after his remarriage, and until by appropriate instruments he and his second wife took the same as joint tenants. During all of that time the property remained impressed with the homestead which continued for the benefit of the second community. To hold otherwise would do violence to the foregoing expressed public policy of this state which seeks, through the homestead law, "to provide a place

for the family and its surviving members, where they may reside and enjoy the comforts of a home, freed from any anxiety that it may be taken from them against their will, either by reason of their own necessity or improvidence, or from the importunity of their creditors." (*Estate of Fath*, 132 Cal. 609, 613 [64 P. 995].)

The case of *Estate of Clavo*, 6 Cal.App. 774 [93 P. 295], is not applicable to the factual situation in the case at bar. In the cited case the homestead was executed jointly by the husband and wife, and the court held that upon the death of the wife, the title to the property became vested absolutely in the surviving husband and that the homestead could not continue for the benefit of the second community upon his remarriage. However, in the instant case, the homestead was selected by the respondent Edward J. Vieth after the death of his first wife, out of his property, pursuant to section 1238 of the Civil Code, and therefore continued for the benefit of the second community.

In view of the hereinbefore declared social policy of the state with reference to homesteads and the beneficent purposes sought to be realized by such legislation, we are impressed that, adopting a liberal construction of the law and facts here present, an abandonment of the homestead created after the death of the first wife was not required in order to create a joint tenancy in the husband and his second wife. The homestead herein not having been abandoned, the creation of the joint tenancy under the facts here present, must be held as not having altered in any way the estate or character of the homestead.

It is now established law in this state that in pursuance of the policy underlying all homestead legislation, joint tenancies may be subject to homestead rights (*Estate of Kachigian*, 20 Cal.2d 787, 791 [128 P.2d 865]).

The judgment appealed from is affirmed.

York, P. J., and Doran, J., concurred.