**In re JOHNSON.**

No. 44916.

United States District Court
S. D. California, Central Division.

May 16, 1951.

Thomas S. Tobin, Los Angeles, Cal., for trustee.

Joseph Mayer, Beverly Hills, Cal., for bankrupt.

YANKWICH, District Judge.

Ruth Vena Johnson was adjudicated a bankrupt on April 24, 1947, upon a voluntary petition. On November 18, 1941, she filed a declaration of homestead on certain residential property, which was duly recorded as required by the law of California. California Civil Code, Sec. 1237 et seq.

On December 2, 1944, she executed a deed of gift by which she attempted to convey the property on which the homestead had been declared to her daughter and

"her children". The deed was recorded on December 29, 1944.

On December 14, 1944, she executed a grant deed to the same property to her daughter, which was recorded on January 16, 1945.

In the course of the administration of the estate, the Trustee, on October 28, 1947, instituted an action in this court to avoid the conveyance. After trial, Judge William C. Mathes, found that the execution of the instruments was without fair consideration and in fraud of the creditors then existing and future creditors, in violation of Section 70, sub. e of the Bankruptcy Act of 1938, 11 U.S.C.A. § 110, sub. e, and Sections 3439.02, 3439.03, 3439.04 and 3439.07 of the Civil Code of California. Specifically, the Court's findings referred to the fact that the conveyance was to defraud Harry V. Mooney, one of the creditors in this proceeding, to whom, on December 2, 1944, she was indebted in the sum of $10,000.00 or more. (Findings VIII and XI.)

A judgment was entered on February 10, 1949, setting aside the conveyances as "fraudulent and void as to the creditors of the defendant, * * * and as to George Gardner, her trustee in bankruptcy."

The bankrupt did not set up the homestead right in her Answer and the Court, in the decree, made no adjudication as to its validity. The decree has become final.

On February 14, 1951, after a hearing upon an Order to Show Cause why the title of the Trustee to the property should not be quieted against the bankrupt and others, the Referee made an order declaring that George Gardner, as Trustee in Bankruptcy, was the owner of the property on which the homestead had been filed, free and clear of any right, title and interest asserted by the bankrupt.

This is a petition to review the Order.

I

The Abandonment of Homesteads
Under California Law

■ The only question presented is whether the homestead rights of the bankrupt still subsist. Many questions relating to state exemptions in bankruptcy are covered by the writer's opinion In re Dudley, D.C.Cal.1947, 72 F.Supp. 943, which, on appeal, was adopted by the Court of Appeals for the Ninth Circuit. See, Goggin v. Dudley, 9 Cir. 1948, 166 F.2d 1023. So, to avoid repetition, only the specific norms which govern the determination of this matter not there treated will be referred to. The most important of these is that the trustee in bankruptcy acquires only such property as is not exempt under the state law. Bankruptcy Act, Sections 6, 7, sub. a(8), 11 U.S.C.A. §§ 24, 25, sub. a(8). The right to exemption is governed by state law. Turner v. Bovee, 9 Cir., 1937, 92 F.2d 791; Negin v. Salomon, 2 Cir., 1945, 151 F.2d 112, 161 A.L.R. 1005; In re Dudley, supra, and cases cited in Note 3; In re Fogel, 7 Cir., 1947, 164 F.2d 214, 215–216; 3 Remington on Bankruptcy, 4th Ed., 1941, Sec. 1278.

■■ This rule is not affected by the provision of the bankruptcy law to the effect that exemptions shall not be allowed out of property which a bankrupt transferred or cancelled and which is recovered by the Trustee. Bankruptcy Act, Sec. 6, 11 U.S.C.A. § 24. Under this provision, property recovered by the Trustee in bankruptcy must be distributed to the creditors and cannot be impressed with an exemption. That is all that Moore v. Bay, 1931, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, *decided under the old Act,* teaches, and it does not mean that where, *as here,* a proper homestead declaration existed at the time of bankruptcy and an intervening attempt to convey the same property has been invalidated, the right to the homestead cannot be recognized in bankruptcy court. Under the law of California, a homestead may be abandoned by "a grant thereof". California Civil Code, Sec. 1243.

■■ A "grant", under this section, implies a conveyance effective as a transfer of title. California Civil Code, Sec. 1242; Faivre v. Daley, 1892, 93 Cal. 664, 29 P. 256; Bank of Suisun v. Stark, 1895, 106 Cal. 202, 39 P. 531; White v. Rosenthal, 1934, 140 Cal.App. 184, 35 P.2d 154; First Trust & Savings Bank v. Warden, 1936, 18 Cal.App.2d 131, 63 P.2d 329; Dixon v. Russell, 1937, 9 Cal.2d 262, 70 P.2d 196.

782

Thus, a defectively executed deed, not accompanied by possession, would not work as an abandonment. 40 C.J.S., Homesteads, § 173, p. 655.

■ In the present case, the bankrupt's attempts to deed the property to her daughter were declared fraudulent, both under the state law and the Bankruptcy Act, at the suit of the Trustee. The attempted conveyances having been set aside, the property is in the same status it had before the deed was executed,—i. e., it is subject to the burden of the homestead. It is as though the conveyance had been made without consideration or subject to reservations showing an intention not to part with title,—of the type which California courts have held to be ineffective to abandon the homestead. See, Palen v. Palen, 1938, 28 Cal.App.2d 602, 83 P.2d 36; Arighi v. Rule & Sons, Inc., 1940, 41 Cal.App.2d 852, 856, 107 P.2d 970; Vieth v. Klett, 1948, 88 Cal.App.2d 23, 198 P.2d 314.

## II

### Homesteads Not Subject To Law of Fraudulent Conveyances

■■ We must give full effect to these decisions and all their implications, unless we are satisfied that the bankrupt's fraudulent acts in dealing with the property warrant her being deprived of the benefit of the homestead. That question must be determined by state law. And the law of California for over sixty years has been that the doctrine which invalidates fraudulent conveyances against creditors has no application to the creation of a homestead. In one of the earliest cases on the subject, Fitzell v. Leaky, 1887, 72 Cal. 477, 482, 14 P. 198, 201, the principle was stated in this language: "The doctrine bearing upon conveyances made to hinder, delay, or defraud creditors has no application to the creation of a homestead." This principle, in the same language, has since been repeated, without variation, in a large number of cases. Among them are: Beaton v. Reid, 1896, 111 Cal. 484, 487, 44 P. 167; Simonson v. Burr, 1898, 121 Cal. 582, 587, 54 P. 87; Gray v. Brunold, 1903, 140 Cal. 615, 624, 74 P. 303 *(where the action to set aside a fraudulent conveyance was instituted by a trustee in bankruptcy);* Schmidt v. Denning, 1931, 117 Cal.App. 36, 39, 3 P.2d 322; Yager v. Yager, 1936, 7 Cal.2d 213, 217, 60 P.2d 422, 106 A.L.R. 664; Montgomery v. Bullock, 1938, 11 Cal.2d 58, 62, 77 P.2d 846; Parker v. Riddell, 1940, 41 Cal.App.2d 908, 914, 108 P.2d 88 *(in which the trustee in bankruptcy attacked the homestead);* Duhart v. O'Rourke, 1950, 99 Cal.App.2d 277, 221 P.2d 767.

The Court of Appeals for the Ninth Circuit in Turnbeaugh v. Santos, 9 Cir., 1944, 146 F.2d 168, adopted the doctrine declared by these cases (citing the latest among them) in setting aside a district court order which had refused to give it full scope.

■ I do not believe we are in a position to disregard these cases,—satisfied though we may be, as the Referee was, that the bankrupt has been guilty of brazen fraud in dealing with her creditors. For, in the last analysis, if, in following legislative policy, the courts of California have chosen to give absolution to homestead declarations from acts of a fraudulent character, we cannot recall it. Nor can we give life to an attempted abandonment which is ineffective under California law. As already stated, the basis for the finding that the conveyances to the daughter were a fraud on creditors was that they were motivated by the threat of Harry V. Mooney, to institute an action to recover from the bankrupt the sum of $10,000.00 upon transactions alleged to have taken place between August 23, 1944, and September 26, 1944. Mooney had judgment for $10,970.64 on October 5, 1945, and his right to the claim in that amount was before the Referee in the proceeding under review. The findings of the Court in the action to set them aside to the effect that the conveyances were in fraud of the creditors are reinforced by one of the findings of the Referee in denying discharge, which has already been affirmed by this Court, that, notwithstanding the conveyances to the daughter, the bankrupt retained possession and an interest in the property attempted to be conveyed and received income from it, which she concealed. This puts the case in the ambit of the principle already referred to that a conveyance whereby an interest is retained is not

an abandonment of the homestead. See, especially, Arighi v. Rule & Sons, Inc., supra, 41 Cal.App.2d at pages 855, 856, 107 P.2d 970; Vieth v. Klett, supra, 88 Cal.App. 2d at pages 27–28, 198 P.2d 314. And see, 13 R.C.L., Homesteads, Sec. 118, pages 659–661; 26 Am.Jur., Homesteads, Sec. 199. *And a conveyance to defeat creditors is not an abandonment.* In Palen v. Palen, 1938, 28 Cal.App.2d 602, 83 P.2d 36; the Court, after referring to the various exceptions to the rule that a conveyance is, ordinarily, an abandonment, states: "Neither is a homestead abandoned by a conveyance made for the purpose of avoiding creditors." 28 Cal. App.2d at page 606, 83 P.2d at page 38.

In reaching this conclusion, the Court adopts as its own the reasons given in 13 R.C.L., loc.cit., p. 660: "A homestead is not liable to seizure under execution, and therefore a conveyance of it is a question in which the creditor has no interest. It was not liable before conveyance to the claim he asserts; and the conveyance, though fraudulent, puts the creditor in no better condition than he was in before. If the conveyance is set aside as fraudulent this leaves the homestead as if no attempt had been made to convey it, so far as any claim can be asserted by the creditor. It is void as to him to all intents and purposes. He cannot be heard to say in one and the same breath that the conveyance is void in its attempt to divest title out of the debtor, but is valid in destroying the homestead right. He cannot claim both under and against the conveyance; under it as a valid parting with the homestead right; against it as an abortive effort to pass title out of the debtor. It must stand, as to him, as if no conveyance had been attempted."

This summary is a correct distillation of the rulings in a large group of cases from many American jurisdictions. And there has been no recent deviation from them. To the contrary, the latest adjudicated cases and writers on the subject confirm them and the reasons behind them. See, 24 Am.Jur., Fraudulent Conveyances, Sec. 109; 37 C.J.S., Fraudulent Conveyances, § 31; Wood v. Emig, 1943, 58 Cal.App.2d 851, 859, 861, 137 P.2d 875. *in which a hearing by the Supreme Court of California was*

*denied;* In re Rohl, 8 Cir., 1929, 34 F.2d 268, 270, *applying the homestead law of South Dakota;* Smith v. Jackson State Bank, 10 Cir., 1933, 63 F.2d 934, 936, *applying the homestead law of Wyoming;* and the following cases *applying the homestead law of Missouri:* Farmers' Bank of Higginsville v. Handly, 1928, 320 Mo. 754, 9 S.W.2d 880, 894–895; May v. Gibler, 1928, 319 Mo. 672, 4 S.W.2d 769, 772; Bank of New Cambria v. Briggs, Mo.Sup. 1951, 236 S.W.2d 289, 293.

These cases merely apply to homesteads the general rule that a conveyance of exempt property *of any kind* is not in fraud of creditors: 24 Am.Jur., Fraudulent Conveyances, Sec. 109; Prudential Life Insurance Co. v. Beck, 1940, 39 Cal.App.2d 355, 360–361, 103 P.2d 241; Sharp v. Hawks, 8 Cir., 1936, 80 F.2d 731, 732; Citizens National Bank v. Turner, 5 Cir., 1937, 89 F.2d 600, 601.

One of the older cases has summed up these decisions in a brief statement with a Biblical overtone: "The homestead and other statutory exemptions are forbidden fruit to the creditor. He may neither pluck nor eat thereof." Walther v. Null, 1911, 233 Mo. 104, 122, 134 S.W. 993, 999.

In Wetherly v. Straus, 1892, 93 Cal. 283, 286, 28 P. 1045, 1046, the Supreme Court of California, *in protecting against creditors money derived from the sale of the homestead, said:* "The homestead from which the money was derived *was not subject to the claim of any creditor of the plaintiff's husband, and a transfer of it by the husband to her could not, under any circumstances, be held, as a matter of fact, to be with the intent to defraud his creditors.* His creditors could not, by any legal process, take the property covered by the homestead, and its voluntary transfer to the wife would not 'obstruct the enforcement by legal process' of any right to take the property affected by the transfer, Civil Code, § 3441; neither would such transfer of its proceeds." See, Estate of Fath, 1901, 132 Cal. 609, 613, 64 P. 995; Yardley v. San Joaquin Valley Bank, 1906, 3 Cal.App. 651, 656, 86 P. 978.

In brief, no one is a creditor as to exempt property, within the meaning of

the law of fraudulent conveyances. The Prudential Ins. Co. v. Beck, supra; Nicholdson v. Nesbitt, 1906, 4 Cal.App. 585, 587–588, 88 P. 725. And see, Luhrs v. Hancock, 1901, 181 U.S. 567, 570, 21 S.Ct. 726, 45 L.Ed. 1005. And a transfer of such property though made on the assumption that it would defeat the creditors is not an act of bankruptcy under Section 3, sub. a(1) of the Bankruptcy Act. 11 U.S.C.A. § 21, sub. a(1). See, Marine National Bank v. Swigart, 6 Cir., 1920, 262 F. 854, 859–860; 1 Remington on Bankruptcy, 1950, Sec. 120.

The logic of these rulings cannot be gainsaid. As the creditor cannot subject the homestead to the satisfaction of his debt, a conveyance of it cannot injure him. For he is not harmed by being deprived of the right to subject to the satisfaction of his claim property not subject to seizure Otherwise put, if the homestead is valid, no attempted disposition or conveyance of the property, however fraudulent, injures the creditor. For such act, whether successful or not, leaves the creditor in the same position in which he would have been before it was done.

As said in Citizens National Bank v. Turner, supra, 89 F.2d at page 601: "When property is immune from seizure by the creditor, he has no legal interest in it and cannot complain of its transfer, even though the conveyance was voluntary, with bad motive and to avoid creditors."

■■■■■ The application of these principles to the situation which confronts us in this case means that the bankrupt's deed to her daughter having been set aside, the claim of homestead remains intact. The bankrupt has done nothing in this court which can be interpreted as a waiver of her right to the homestead. To the contrary, she has asserted it repeatedly, in these proceedings, although, at times and because of lack of counsel, *inexpertly*. But even if she had not asserted it before, when the Trustee made her a respondent to his petition for the Order to Show Cause and sought to have his title to the property quieted against her, and she appeared, the right to the homestead was put in issue. The Referee's Order adjudicated it. And if that adjudication is erroneous, it matters not that the bankrupt did not, prior to the Order to Show Cause, ask that her homestead rights be recognized. See, In re Etherton, D.C.Cal. 1950, 88 F.Supp. 874, 878–879. For, from this challenge, accepted by the bankrupt, came an order which, if reversed, leaves the bankrupt's assertion of her homestead rights intact. The bankruptcy court *always* has jurisdiction to determine the merits of a bankrupt's claim to exemption. Bankruptcy Act, Sec. 2, sub. a (11), 11 U.S.C.A. § 11, sub. a(11); 3 Remington on Bankruptcy, 4th Ed., 1941, Sec. 1271; Collier on Bankruptcy, 14th Ed., Sec. 6.05, pp. 802–804. Bank of Nez Perce v. Pindel, 3 Cir., 1912, 93 F. 917, 921. Time does not run against the court or the bankrupt in this matter. In re Kane, 7 Cir., 1904, 127 F. 552, 553–554; In re Miller, 7 Cir., 1938, 95 F.2d 441, 443; Bank of Nez Perce v. Pindel, supra; Myers v. Matley, 9 Cir., 1942, 130 F.2d 775, 779. And the trustee is not in a position to insist that failure to assent the claim before amounted to a waiver.

The Order of the Referee, dated February 14, 1951, insofar as it relates to the rights of the bankrupt to the homestead property is reversed.